BOUGH et al. v. LEE et al.

District Court, S. D. New York.
Feb. 2, 1939.

Powers, Kaplan & Berger, of New York City. (Samuel A. Berger, of New York City, of counsel), for plaintiffs.

Clarence E. Mellen, of New York City, for James B. Lee.

HULBERT, District Judge.

Plaintiff sues to recover damages for personal injuries alleged to have been sustained in Washington, D. C., on March 17, 1937.

The defendant Thomas F. Lee has not yet been served with process but after issue joined as to the defendant James B. Lee, plaintiff procured an order directing the taking of the deposition of said defendant before trial. In the course of his examination he testified that in May, 1937, he gave the details of the accident to a Mr. Taylor who was "an investigator for the insurance company" and signed a statement with respect to said details. He testified further that he brought Mr. Taylor to see the plaintiff who was in the hospital at the time, and Mr. Taylor exhibited to her certain photographs of the automobile alleged to have been owned by the defendant Thomas F. Lee and which the witness was driving at the time of the accident in question.

By this motion the plaintiff seeks a further order directing the witness to produce, upon the continuance of his oral deposition before trial, the statement signed by him and the photographs which were exhibited to the plaintiff as above stated.

It appears that the attorney for the defendant James B. Lee was retained to appear for him in this action by the Manufacturers Casualty Insurance Company of Philadelphia which issued an automobile liability insurance policy to the defendant Thomas F. Lee, and the contention of counsel for the defendant is that the witness did not retain a copy of the statement in question and that it has never been delivered to, and is not now in the possession of, the defendant's attorney and that any papers in his possession, except the summons and complaint served upon the defendant James B. Lee, were received by him from the insurance carrier and that the production of any such papers is subject to the privilege between attorney and client.

Reserving the consideration of that question, it is clear from a reading of Rule 34, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, that the court may order any party to produce and permit the inspection and copying or photographing of any designated tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody or control.

Such is not the case here.

The plaintiff may serve a notice to take the deposition of Manufacturers Casualty Insurance Company of Philadelphia, or the attorney for the defendant for that matter, and procure and serve a subpoena duces tecum upon the latter pursuant to Rule 45. But he has the right to the determination by the court of the question of privilege just as the insurance carrier would have the right under Rule 30 to present by motion whether it can be compelled to produce information procured after the commencement of this action for use in the defense thereof.

·Motion denied.