### BOUGH et al. v. LEE et al.

District Court, S. D. New York.
June 24, 1939.

Powers, Kaplan & Berger, of New York City (George I. Gross and Milton Adler, both of New York City, of counsel), for plaintiffs.

Clarence E. Mellen, of New York City, for defendant James B. Lee.

LEIBELL, District Judge.

Clarence E. Mellen, an attorney, appearing specially, moved under Rule 30(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to vacate and set aside a notice for the taking of his deposition and that of the Manufacturers' Casualty Insurance Company through him. In the alternative he asks that the scope of his examination be limited so that he shall not be required to produce upon said examination the following paper referred to on said notice: "The original or copy of the statement given by the plaintiff, Margaret T. Bough to a representative of Manufacturers Casualty Insurance Company, at 375 Park Avenue, New York, N. Y. on or about the 10th day of June, 1937". Mr. Mellen further asked that the scope of said examination be limited by directing that the contents of the said paper or any other information or communication made to him by a client or the advice given by him thereon in the course of his professional employment by such client shall not be inquired into. There was only one issue presented by this motion—whether or not he could be required to produce the aforementioned statement at his examination and permit the plaintiffs' attorney to examine it.

A recital of plaintiff's efforts to examine her statement of June 10, 1937, and of the methods employed by the defense to block those efforts shows the extremes to which the defense has resorted, through evasion, delay and obstruction, to nullify the effects of the Court's order herein of April 12, 1939.

A motion had been made by plaintiff before Judge Hulbert in January for an order directing the defendant James B. Lee to produce upon the continuation of his examination before trial (1) a statement signed by said defendant in May, 1937, concerning the details of the accident which is the subject of the action and (2) certain photographs which were exhibited to plaintiff in May, 1937, in the presence of defendant (the photographs of the automobile, taken after the accident). The statement of the plaintiff was not involved in the motion before Judge Hulbert.

Judge Hulbert, in an opinion dated February 2, 1939, D.C., 26 F.Supp. 1000, denied the motion on the ground that the items of which inspection was sought were not in the possession, custody or control of the defendant. The attorney for the defendant on that motion was Mr. Mellen, the moving party on the present motion.

On March 3rd, 1939, plaintiff's attorney served a notice of examination of the Manufacturers Casualty Insurance Company, by Leroy Wood, secretary, and C. E. F. Edmonds, chief claim adjuster, to be taken on March 14th in Philadelphia, and the notice stated that application would be made to a Judge of the United States District Court for the Eastern District of Pennsylvania for the issuance of a sub-

poena duces tecum commanding the aforementioned persons to produce the original or copies of (1) Margaret Bough's statement to the insurance company; (2) James Lee's statement to the insurance company; and (3) certain photographs of the accident (the damaged automobile).

Thereupon Clarence E. Mellen, as attorney for defendant, James B. Lee, obtained an order in this Court requiring plaintiff to show cause why the notice of examination should not be vacated or so limited as to prevent the production of the documents and photographs enumerated in the notice. The grounds alleged on the motion were that the documents and photographs were both privileged and irrelevant to the cause of action. Nowhere was there a denial of the fact that the parties to the action had made the statements to the insurance company, or that the insurance company had those statements within its possession or control. In my opinion filed March 29, 1939, I denied defendants' motion.

On April 12, 1939, I signed an order directing that the deposition of the insurance company, through Mr. Wood and Mr. Edmonds, be taken at Philadelphia on April 25, 1939, at a specified time and place. I directed the insurance company to produce the documents and photographs on the examination and I granted plaintiff permission to apply to the Clerk of the United States District Court for the Eastern District of Pennsylvania for the issuance of a proper subpoena duces tecum.

A subpoena duces tecum was accordingly issued by the Clerk of the District Court of the United States, Eastern District of Pennsylvania, addressed to the insurance company, by its secretary and chief claim adjuster, to produce the said documents and photographs on the said examination in Philadelphia on April 25th. On April 24th, on motion of its local attorney in Philadelphia, the insurance company obtained a stay, on the issuance of a rule directed to plaintiffs and their attorneys to show cause why the subpoena should not be set aside. At no place in his affidavit did the Philadelphia attorney for the insurance company assert that the insurance company did not have in its possession the documents and photographs mentioned in the subpoena duces tecum. This application was opposed by plaintiff's attorney and the stay was vacated and the said rule was discharged by an order of

Kalodner, J., dated April 25, 1939, who declared the subpoena "in full force and effect except that the session therein mentioned shall be holden on the 2nd day of May, A. D. 1939 at 11:00 o'clock A. M."

The insurance company thereupon appealed to the Circuit Court of Appeals for the Third Circuit from the aforesaid order of Kalodner, J., dated April 25, 1939. Pending appeal the insurance company applied for a stay of the proceedings. In its petition for the stay, verified by one of its vice-presidents, it was stated: "15. Your petitioner will be the victim of grave injustice if required to produce said documents on May 2, 1939, before its appeal has been determined, for if the depositions are taken as ordered, a successful appeal will be a vain thing."

At no place in its said petition to the Circuit Court of Appeals did the insurance company deny it was in possession of the documents and pictures called for by the subpoena duces tecum. The application for a stay was denied from the Bench by the Circuit Court on May 1st, 1939. The examination of Mr. Edmonds disclosed the fact that although served with the subpoena duces tecum some days before he had made no effort to obtain the documents and photographs called for by the subpoena. He stated that he did not have either of the statements or any of the photographs in the file. He agreed to procure copies of the photographs and did so for an adjourned hearing on May 6, 1939. At the hearing on May 2nd, 1939, Mr. Edmonds stated: "A. I have been advised by counsel to refuse to produce such copies because I could not positively say they are correct copies of the statements, not being familiar with the statements, I will have to refuse."

And on the advice of counsel he declined to make any effort to secure from the New York office or the Washington or New York attorneys the statement of Miss Bough and the statement of Mr. Lee. The Philadelphia attorney for the insurance company made this statement on the record: "Mr. Head: Mr. Edmonds has not made any effort to secure copies of the photostatic copies of the statement in question because, upon advice of counsel, he believes that such statement is incompetent, irrelevant and immaterial, and is not pertinent to the issues in question."

In the course of his examination Mr. Edmonds did make some admissions. He

admitted that a set of three photographs had been sent Mr. Mellen September 1, 1938. Also that the statement of Miss Bough was taken by Mr. Stabingus of the New York office of the insurance company and that the original would be in the possession of either Mr. Mellen, the New York attorney, or Mr. Collins, the Washington attorney. That a copy of plaintiff's statement "should possibly" be in the possession of the New York office of the insurance company. Copies of the pertinent parts of the insurance company's file had been forwarded by the insurance company from its Philadelphia office to Clarence B. Mellen, 51 Maiden Lane, New York City, in a letter dated August 17, 1938. The letter stated that the original evidence file was with Mr. Collins, the attorney in Washington, who represented them in another suit. Mr. Edmonds testified that the home office of the insurance company never had any statement made by Mr. Lee. Mr. Edmonds was certain that Mr. Collins had either the original or a copy of the Bough statement. He was not so sure that Mr. Mellen had one. He admitted it would be most extraordinary for the home office to send an attorney a file to use in defending a case which did not have either the original or a copy of the statements of the witnesses.

Plaintiff's counsel next served a notice to take the deposition of Mr. Stabingus of the New York office of the insurance company on May 15, 1939. He testified that he had taken the statement of Miss Bough in June 1937; that he sent the original of it to the home office in Philadelphia and made no copy of it and that he had not seen the original or any copy of it since. Mr. Mellen was present at Mr. Stabingus' examination and when plaintiff's counsel on the record asked Mr. Mellen whether or not he had a copy of Miss Bough's statement, Mr. Mellen replied that he appeared there only as counsel for the defendant, James B. Lee, and that no notice had been served to take the testimony of Mr. Mellen.

■ The action of the insurance company was arbitrary and contemptuous. Both this Court and the Courts in Philadelphia had ruled that the documents and photographs should be produced. Even though the company may have deemed the orders erroneous, it was still bound to obey them. In McCann v. New York Stock Exchange, 2 Cir., 80 F.2d 211, at page 214, the Court stated: "So far as it punished the plaintiff for disobedience of the order of April 18th, other considerations apply. Although, as we have indicated, that order was erroneous, the plaintiff was nevertheless bound to obey it, provided the judge had jurisdiction. Brougham v. Oceanic Steam Nav. Co. (C.C.A. 2) 205 F. 857; Trickett v. Kaw Valley Drainage Dist. (C.C.A. 8) 25 F.(2d) 851, 858; Locke v. United States (C.C.A. 5) 75 F.(2d) 157, 159. We think that he did have jurisdiction and that the plaintiff was bound to obey, until the order was vacated or reversed."

■ The excuse of non-possession was not sufficient, even if true. Control, not mere possession, is the determining factor. In re Harris, D.C.S.D.N.Y., 27 F. Supp. 480, decided by Judge Patterson January 19, 1939. Otherwise, a person subpœnæd to produce documents or records could engage in a game of hide and seek, thus frustrating the orders of the Court. Clearly, the insurance company had control over the documents and photographs, and it could have been compelled to produce them or stand in contempt of court. Rule 45 (f).

■ On the present motion, the attorney again raises the claim of privilege, only this time it is the privilege of the attorney, not the company. It has already been decided that the statement of Margaret Bough is not a privileged communication so far as the company is concerned. Bough v. Lee, D.C.S.D.N.Y., decided March 28, 1939, 28 F.Supp. 673. The company's act in turning over the statement to Mr. Mellen did not make it privileged. There is no attorney and client relationship between Mr. Mellen and the insurance company, at least insofar as the present action is concerned. The statement was not made to Mr. Mellen by his client, but was obtained from the plaintiff by an investigator of the insurance company, as a routine matter. It was not obtained by the attorney in preparation for, nor in anticipation of, this action. Mr. Mellen is not requested to open up his files to the plaintiff, but merely to produce the plaintiff's statement, which was not privileged when made to the insurance company, and has not become so by its subsequent transmission to the attorney for the defendant.

■ Further, had the statement been turned over to Mr. Mellen by his own client, he could still be compelled to produce it. An attorney is obliged to produce, in answer to a subpœna, such documents

502

as his client could have been compelled to produce. Jones v. Reilly, 174 N.Y. 97, 66 N.E. 649. .

Since the submission of this motion, I have been advised that the issue raised by the present motion is somewhat moot, since Mr. Mellen introduced the statement of Margaret Bough as an exhibit for identification on her cross-examination at one of the adjourned dates of her examination on oral deposition. Although the attorney for the plaintiff has seen the statement, there has been no proper examination and inspection, in the true sense of the word. The attorney, Mr. Mellen, will therefore produce it on the adjourned date of his examination or at such date as may be fixed by this Court in the order denying his present motion.

The plaintiff has been put to a great deal of expense and trouble by the unwarranted delays and captious refusals to obey the orders of this Court and the United States District Court for the Eastern District of Pennsylvania. This motion is denied. Submit order on notice.