## MAN–SEW PINKING ATTACHMENT CORPORATION v. CHANDLER MACH. CO. et al.
## No. 164.

District Court, D. Massachusetts.
June 28, 1939.

Alan B. Bagley and Herbert A. Baker, both of Boston, Mass., and M. C. Lyddane, of New York City, for plaintiff.

J. Preston Swecker and Cyrus Kehr & Swecker, all of Washington, D. C., for defendants.

. McLELLAN, District Judge.

The plaintiff has filed a paper entitled "Motion for Bill of Particulars", the first paragraph whereof reads:

"Plaintiff, Man-Sew Pinking Attachment Corporation, moves this Honorable Court for an order directing the Defendant, William T. Maxant, as an officer of the corporate Defendant, Chandler Ma-

chine Company, to serve and file a Bill of Particulars giving a further and better statement of the nature of the counterclaim, in the following particulars:"

There follow eight paragraphs separately numbered.

The first numbered paragraph asks that an individual defendant as an officer of the corporate defendant "state the dates of the alleged licenses to the corporate Defendant, referred to in paragraphs 6 and 7 of the counterclaim, and serve upon Plaintiff true copies of all documents which will be offered as evidence of such licenses." It is noteworthy that the plaintiff would have the defendant file a bill of particulars containing certain allegations and also have the defendant serve upon it copies of documents by which these allegations are to be proved. This is not the only instance of the kind appearing in the so-called motion for a bill of particulars. What seems to me the practical way to deal with this situation is to deny the motion without prejudice, however, to the filing of a motion for a bill of particulars which does not seek both a more definite statement of the defendants' counterclaim and also seek copies of documents which the defendants may use to prove their counterclaim.

The motion is denied without prejudice to the filing of a motion for a bill of particulars.