## LEWIS et al. v. UNITED AIR LINES TRANSPORT CORPORATION et al.

### No. 1044.

District Court, W. D. Pennsylvania.

Feb. 26, 1940.

Moorhead & Knox and James M. Bovard, all of Pittsburgh, Pa., and Watrous, Hewitt, Gumbart & Corbin, Wm. B. Gumbart, and Morris Tyler, all of New Haven, Conn., for third party defendant Bethlehem Steel Co.,

Haight, Griffin, Deming & Gardner and Donald Havens, all of New York City, for United Air Lines Transport Corporation and witnesses, Robert F. Mehl and Horace C. Knerr.

McVICAR, District Judge.

This civil action is before us on a motion by the Bethlehem Steel Company, third party defendant, for an order compelling Robert F. Mehl to answer certain questions addressed to him by the third party defendant in the taking of a deposition before a notary public in the City of Pittsburgh.

This case and three others consolidated with it are now pending in the United States District Court for the District of Connecticut. The plaintiffs have brought actions to recover from The United Air Lines Transport Corporation and the United Aircraft Corporation, the sum of $100,000, alleged to have been caused by the crash of an airplane owned and operated by The United Air Lines Corporation, and powered with engines manufactured by the United Aircraft Corporation.

On December 14, 1939, the United States District Court for the District of Connecticut granted the motion of The United Air Lines Transport Corporation for leave to serve a summons and third party complaint upon Bethlehem Steel Company, as third party defendant. In the complaint filed, it was alleged by The United Air Lines Transport Corporation, that on May 24, 1938, it was the owner and operator of the airplane involved in the crash; that it was equipped with fourteen-cylinder engines, manufactured and sold by United Aircraft Corporation to The United Air Lines Transport Corporation; that Bethlehem Steel Company sold to the Aircraft Corporation the cylinder barrel forging of the cylinder hereinafter referred to; that the accident happened near Cleveland, Ohio; that the barrel of the No. 3 cylinder of the right-hand engine fractured and broke, and by reason thereof, the said airplane caught on fire and burst into flames; that the de-

struction of the airplane, the death of the passsengers, pilots and stewardess were due, among other things, to the negligence of the Bethlehem Steel Company in the manufacture of the said cylinder barrel forging.

On January 30, 1940, pursuant to leave of court, the Bethlehem Steel Company gave notice to The United Air Lines Transport Corporation that it would take the deposition of Robert F. Mehl at Pittsburgh, Pennsylvania.

On February 2, 1940, the United Air Lines Transport Corporation moved the court in which said actions are pending, for an order prohibiting the taking of said deposition, or limiting the deposition, and to expunge certain portions of the subpoena duces tecum authorized on the ground that the matters on which the defendant, the Bethlehem Steel Company, desired to examine said Robert F. Mehl were privileged because he was an engineering consultant retained as an expert in said cases by the attorneys for the Air Lines and that the knowledge acquired by said Robert F. Mehl and the communications made by him were in pursuance to said employment. This motion was denied by the United States District Court for the District of Connecticut, the court adding that the order was made "without attempting to pre-judge the propriety of any line of inquiry which may be pursued upon the taking of said depositions."

Upon the examination of said Robert F. Mehl before the notary public at Pittsburgh, he was asked the questions set forth in Exhibit A attached to plaintiff's motion. He refused to answer some of the questions asked on the ground of privilege, the privilege asserted being: "The claim of privilege which Dr. Mehl is asserting is, that he was employed subsequent to the commencement of these actions by Messrs. Haight, Griffin, Deming and Gardner, Attorneys for the defendant—United Air Lines Transport Corporation—to advise and assist that firm of attorneys in the preparation of the case for trial on its metallurgical aspects, and as such, having consulted with and assisted the attorneys in such preparation, Dr. Mehl asserts that the matters as to which he has been consulted are privileged, within the meaning of the Rules of Civil Procedure."

The questions asked were, in substance, as follows:

Whether the witness had seen and examined the cylinder involved.

Whether he had seen parts of the engine involved in the accident in this case.

Whether he was employed by The United Air Lines Transport Corporation to examine such cylinder.

To state the nature and scope of the examination made.

What tests, if any, he had made of said cylinder and engine, or any parts thereof. What were the results of any such test.

Whether he found anything the matter with cylinder 3.

Whether he had cut any parts from that cylinder.

Whether he destroyed any parts of the cylinder.

Whether any of the tests were made in connection with other people or assistants.

Whether any test or tests, and the results thereof, had been disclosed to any persons other than Messrs. Haight, Griffin, Deming and Gardner.

It is the contention of The United Air Lines Transport Corporation that the matters involved in said questions were privileged for the reason set forth above. It is the contention of the Bethlehem Steel Company that said matters are not privileged and that the witness, Robert F. Mehl, should be compelled under Rule 37 (a), 28 U.S.C.A. following section 723c, to answer said questions.

Rule 26 (a) provides: "* * * the testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination * * * for the purpose of discovery or for use as evidence in the action or for both purposes."

Rule 26 (b) provides: "* * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

Rule 26 (d) provides when such depositions may be used.

Rule 43 (a) provides: "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules. All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules

of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held."

Rule 30 (b) provides: " * * * the court in which the action is pending may make an order that the deposition shall not be taken, * * * or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters."

Rule 37 (a) provides: "If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court in the district where the deposition is taken for an order compelling an answer."

Rule 37 (b) provides that a witness who refuses to answer any question, after being directed to do so by the court in the district in which the deposition is being taken, may be considered in contempt of that court.

Rule 1 provides that the Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action."

▆▆▆ The deponent should be compelled, under Rule 37 (a), to answer the questions propounded, aforesaid, unless the matters involved therein are privileged. The general rule is that a person is competent to testify to all matters within his knowledge. The privilege to not testify is exceptional. When such a privilege exists, it must be asserted.

The authorities cited by The United Air Lines Transport Corporation in support of their contention that the matters contained in the questions propounded are privileged are: Bough v. Lee, D.C., 29 F.Supp. 498; Price v. Levitt, D.C., 29 F.Supp. 164; Murphy v. New York & Porto Rico S. S. Co., D.C., 27 F.Supp. 878; Lalance & Grosjean Mfg. Co., et al. v. Haberman Mfg. Co., C.C., 87 F. 563; Wigmore's treatise, Sec. 2318.

In Bough v. Lee, supra, it is stated [29 F.Supp. 501]: "The statement was not made to Mr. Mellen by his client, but was obtained from the plaintiff by an investigator of the insurance company, as a routine matter. It was not obtained by the attorney in preparation for, nor in anticipation of, this action."

In Price v. Levitt, supra, it is stated [29 F.Supp. 166]: "The investigations were not made by an Attorney, or anyone acting in his behalf, nor did the defendants have an Attorney at that time. The relationship of Attorney and client did not exist between the defendants and the insurance company, * * *."

In Wigmore's treatise, supra, it is stated: "In the first place, a document of the client existing before it was communicated to the attorney, is not within the present privilege so as to be exempt from production. But a document which has come into existence as a communication to the attorney, being itself a communication, is within the present privilege. Documents of the latter sort are therfore exempt from production under a bill of discovery; while documents of the former sort are not exempt from production under a bill of discovery or the modern statutory motion to produce, * * *."

In Lalance & Grosjean Mfg. Co., et al. v. Haberman Mfg. Co., supra, it is stated that letters between a complainant and its attorneys are privileged. And further, in regard to an expert it is stated [87 F. 565]: "It does, however, appear that he has been retained by plaintiffs as an expert to assist them in the presentation of their case. As such the witness would seem to come within the privilege suggested in the former memorandum,—as similar to that of counsel. More careful reflection has still further confirmed the impression that such privilege should be forfeited if the 'scientific counsel' assume the role of a witness."

▆▆▆ The authorities relied upon by The United Air Lines Transport Corporation relate to communications and reports between attorneys and clients, and in one case, to a communication between attorneys and an engineer. These authorities are not applicable to the questions under consideration, as they do not involve any reports or communications from the deponent to The United Air Lines Transport Corporation. As these questions do not fall within the authorities relied upon by The United Air Lines Transport Corporation, nor within any other rule cited by said corporation, the deponent should be required to answer said questions.

The deponent, Robert F. Mehl, is directed to answer the questions which he refused to answer on the ground of privilege, which are set forth in Exhibit A attached to the motion in this case.