## KIRSHNER v. PALMER et al.

District Court, S. D. New York.
Oct. 3, 1945.

Myron Wisoff, of Brooklyn, N. Y., for plaintiff.

Edward R. Brumley, of New York City (Frederick J. Rock, of New York City, of counsel), for defendants.

HULBERT, District Judge.

Defendants move for an order modifying a notice of examination pursuant to Rule 26, et seq., Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, of certain employees of the defendants.

The action is for damages for personal injuries alleged to have been sustained by the plaintiff while she was a passenger for hire on a train of the New York, New Haven and Hartford Railroad, of which the defendants are trustees in reorganization.

The defendant has agreed to produce their engineer, conductor, trainman, agent in charge of Operating Rules and agent or employee who saw plaintiff just after the alleged accident occurred, as set forth in the notice.

Defendants object to that part of the notice which requires them to produce "any written statements or reports in the possession and control of defendants, their witnesses, or others, including that of plaintiff herein, if any, concerning the subject matter of the accident described or referred to in the complaint, * * *".

Since Bough v. Lee, D.C., 26 F.Supp. 1000; D.C., 28 F.Supp. 673; D.C., 29 F. Supp. 498, one of the early cases which came before this court after the Rules of Federal Procedure became effective, litigants have been seeking cases in the desert of judicial discriminations, with respect to the extent to which one party may pry into the preparations made by the other of his cause of action or defense thereto.

It is this court's conception that any statement which a party, officer, agent or employee is required to make concern-

ing an accident, is available to the opposite party for inspection; and this includes any statement which the defendant or its representative may have obtained from the plaintiff. But the litigant seeking the examination of any other party thereto should not be afforded the advantage of access to records and information therein contained which may have been secured by the party to be examined after considerable effort and expense incident to the preparation of his case for trial. As this court said in Schweinert v. Insurance Co. of North America, D.C., 1 F.R.D. 247, 248: "The examination must not be allowed to develop into a 'fishing excursion' ".

This apparently is not a case where the insurance carrier has assumed the defense and has employed the attorney of record for the defendant, but the latter contends that it should not be required to produce any written statements of witnesses upon the ground they were taken by an employee of the defendants' Claim Department which is under the direct supervision of the attorney of record for the defendant herein, and that such statements giving the version of witnesses of the accident were taken to assist defendants' attorney in the preparation of this case for trial.

Rule 26, Federal Rules of Civil Procedure, provides: "(b) * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

Rule 34, Federal Rules of Civil Procedure, provides: "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters," etc. * * * (unscoring for emphasis).

Moore's Federal Practice, Vol. 2, page 2477, states:

"The law of evidence governing the actual trial as to privileged matter also governs at the examination by deposition. Thus if an objection on the ground that the matter is privileged would be proper at the actual trial, it is a proper one at the examination by deposition.

"Rule 43(a) governs the law of evidence applicable in the federal courts. It is sufficient to point out at this place that three grounds of privilege recognized at the actual trial are also generally applicable upon discovery examinations. These grounds are: (1) privilege from self-incriminations; (2) professional privilege; (3) privilege as to matters injurious to the public interests.

"Since the officer before whom the deposition is taken has no authority to compel testimony or to punish for contempt, a deponent may safely refuse to disclose privileged matter. Nevertheless, the proponent of the question may apply to the court for an order compelling answers, and Rule 37 (a) provides:

\* \* \* \* \* \*

"It is expected that the effect of Rule 37(a) will be that the examining party and his attorney will respect objections of privilege which have a substantial justification and that the deponent and his attorney will not interpose objections of privilege which do not have a substantial justification."

That is a consummation devotedly to be desired but it has not been found consistently customary by experience.

It has become our uniform practice to provide for the examination at the courthouse in the constructive presence of the Judge assigned to the Motion Term so that when objection is raised the parties may appear before him and have an immediate ruling on the objection. Or, the parties may pass the questions objected to and defer their appearance before the court and the submission of the matters in controversy for consideration and ruling, until the conclusion of the examination.

With these observations the motion will be denied without prejudice. Settle order on notice.