### CAMPBELL v. JOHNSON.

Civ. No. 41-470.

United States District Court
D. New York.

Oct. 31, 1950.

Sherman & Goldring, New York City (Jay Leo Rothschild, Frank R. Cohen, New York City, of counsel), for plaintiff.

Dimmock, Snyder & Van Patten, New York City (Paul W. Williams, of Cahill, Gordon, Zachry & Reindel, New York City, of counsel), for defendant-executrix.

CONGER, District Judge.

Application on the part of defendant, pursuant to rule 34 Fed.Rules Civ.Proc. 28 U.S.C.A., for the discovery and production of certain designated books and records in the possession of the National Pneumatic Company and for the inspection, copying and/or photography of same.

Plaintiff strenuously objects.

In this suit, plaintiff seeks damages from defendant for upwards of $1,500,000 alleged to have been sustained by reason of certain alleged representations made by defendant's testator when he sold to plaintiff all the outstanding securities of the National Pneumatic Company.

Defendant has answered, denying generally any liability and in addition sets forth affirmative defenses which she claims will establish that plaintiff sustained no damage even if the said alleged representations were so made.

Defendant has set forth specifically the books and documents which she desires to inspect.

 It seems to me that defendant has shown good cause for the inspection and discovery sought here. A member of the accounting firm retained to assist in the defense of this action swears that it would be difficult for him or any other accountant to testify with respect to the many accounting problems without such inspection or to properly prepare for trial. The affidavit of defendant's attorney also indicates to me that such examination and inspection is necessary to properly defend this action.

In essence, this lawsuit involves the sale of a business and involves a large sum of money. It is inconceivable to me that the books of National Pneumatic Company will not be relevant to the trial of the issues. I agree with defendant that an examination of the books and documents of the company is not only desirable but necessary.

Rule 34 is to be liberally construed. The purpose of the Rule was to make broad and flexible the litigant's right to discovery. The Rule should be liberally and not narrowly construed.

It is true that defendant has been rather late in making this application, but I have decided to grant the application in spite of that.

Granting this motion may delay the trial a bit but not to any great extent. Defendant states she can finish with the inspection in a month or not longer than two months.

It should be noted that the taking of depositions has not been completed.

The company is no longer in existence. It was dissolved by voluntary proceedings on September 9, 1949.

The books and records of the company sought to be examined are now in the possession of the plaintiff in a warehouse in Boston, Massachusetts.

The discovery and inspection granted herein should be had in Boston and the expense of the plaintiff in making the books and records available must be borne by the defendant, as well as any expense to which plaintiff may be put in safe-guarding the records while they are being examined. This detail should be arranged by the parties.

Motion granted.

Settle order.