**COLONIAL AIRLINES, Inc. v. JANAS et al.**

United States District Court
S. D. New York.
July 23, 1952.

Sullivan & Cromwell, New York City, Joseph L. Broderick, New York City, of counsel, for plaintiff.

Gordon, Brady, Caffrey & Keller, New York City, Bernard Phillips, Harry Balterman, LeRoy C. Curtis, New York City, of counsel, for defendant Sigmund Janas, Sr.

GODDARD, District Judge.

In July, 1951, two criminal informations were filed against Colonial Airlines and Sigmund Janas, Sr., charging violations of the Civil Aeronautics Act of 1938, 49 U.S.C.A. § 401 et seq., in that they provided transportation to persons at less than the rates in effect and in that they wilfully falsified and altered books and records required to be kept, by charging off certain disbursements as legitimate operating expenses. In this suit, filed on January 14, 1952, the plaintiff Colonial Airlines, Inc., seeks recovery for the diversion and improper expenditure of corporate funds, naming Sigmund Janas, Sr., Sigmund Janas, Jr., and Alfred Hudson, all former officers of the plaintiff, and Monroe Greenthal, Inc., as defendants.

A motion by plaintiff to compel Janas, Sr., to answer certain questions on his deposition was filed on March 20, 1952. A cross-motion was filed by defendants Janas, Sr. and Jr., on March 20, 1952, under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order to compel production for inspection and copying of a report, dated September 21, 1951, made by Arthur Young & Co., public accountants, containing an audit of plaintiff's books on the transactions involved in the criminal informations; for an order staying the depositions of Janas, Sr. and Jr., until plaintiff produces the Young Report; and for an order allowing defendants, Janas, Sr. and Jr., to enter upon plaintiff's New York offices for the inspection and copying of records and memoranda of the plaintiff, designated (a) to (u) in their notice of motion, relevant to the transactions involved.

On June 23, 1952, the complaint was dismissed as against Janas, Sr., and Hudson, by Judge Sidney Sugarman. The plaintiff's motion is thus moot.

The Young Report was prepared for counsel for the plaintiff at the expense of plaintiff in preparation of its defense to the criminal informations and for use in prosecuting subsequent actions against Janas, Sr. The report is based upon the corporate records and documents which Janas, Jr., seeks to inspect on this motion. The plaintiff expresses a willingness to allow the inspection of the latter records and documents.

Rule 34 is explicit in its requirement that good cause be shown for the production of any document. Hickman v. Taylor, 329 U.S. 495, at page 512, 67 S.Ct. 385, 91 L.Ed. 451; United States v. 5 Cases, More or Less, Containing Figlia Mia Brand, 2 Cir., 179 F.2d 519, at page 523. The ultimate test is necessity for the production of the material and each action must supply its own answer. Bifferato v. States Marine Corp. of Delaware, D.C., 11 F.R.D. 44 at page 47.

Defendant seeks to obtain the fruits of the examination made by plaintiff's expert when the material itself, which was the subject of the Report, is available to it. It is well recognized that a party ought not obtain by discovery the results of his adversary's trial preparation. Bonefond v. Borden Co., D.C., 12 F.R.D. 183; Kirshner v. Palmer, D.C., 7 F.R.D. 252, at page 253. The reports of experts, in the absence of a showing of good cause, should not be produced for copying. Louis Weinberg Associates, Inc., v. Monte Christi Corp., D.C., 11 F.R.D. 514; Floe v. Plowden, D.C., 10 F.R.D. 504; McManus v. Harkness, D.C., 11 F.R.D. 402. This is true even though the report was made before suit was begun. Stark v. American Dredging Co., D.C., 3 F.R.D. 300.

There is no showing of good cause here for the production of the Young Report. The documents on which that

Report is based are in the plaintiff's files and defendant, Janas, Jr., seeks those documents. Corporate files and records, when relevant, are subject to inspection and copying. Shultz v. Manufacturers & Traders Trust Co., D.C., 1 F.R.D. 243; Campbell v. Johnson, D.C., 11 F.R.D. 107. As to these documents, it is apparent that good cause exists, for the alleged fictitious accounts which defendant is said to have submitted to the plaintiff are in the exclusive possession of the plaintiff.

Plaintiff does not object to the production of these documents, but says that discovery would be premature before it has completed its examination of Janas, Jr., for which its notice of examination dated February 5, 1952 gave it priority. Ordinarily, examinations are held in the order in which demanded. Grauer v. Schenley Products Co., Inc., D.C., 26 F.Supp. 768; 4 Moore Federal Practice, 2d Edit. 1058. This order of priority applies even as between a prior notice of examination under Rule 26 and a subsequent motion for discovery under Rule 34. Holt v. The James Sheridan, D.C., 12 F.R.D. 72. Although this is not an inflexible rule and may be varied in particular cases, no good reason appears in the case at bar for departing from the general rule. Pursuant to its notice of examination, plaintiff sought to take the deposition of Janas, Jr., on February 14, 1952. Due to repeated adjournments obtained by counsel for Janas, the taking of his deposition has been delayed. To further stay the examination now, while defendant has his discovery, would unfairly penalize the diligence of the plaintiff in first serving its notice. I find no indication that the defendant will be unfairly prejudiced by deferring his discovery until the completion of his examination by the plaintiff.

Upon the termination of the examination of defendant, Janas, Jr., plaintiff will allow the entry of Janas, Jr., to inspect and copy the documents designated (a) to (u) in his notice of motion filed March 20, 1952.

In other respects the motion is denied.

Settle order on notice.