**LEWIS et al. v. UNITED AIR LINES TRANSPORT CORPORATION et al.**

**No. 1044.**

District Court, W. D. Pennsylvania.

March 12, 1940.

For former opinion, see 31 F.Supp. 617.

Watrous, Hewitt, Gumbart & Corbin and Wm. B. Gumbart and Morris Tyler, all of New Haven, Conn., for third party defendant, Bethlehem Steel Co.

Haight, Griffin, Deming & Gardner and Donald Havens, all of New York City, and Sterrett, Acheson, Childs & Barnett, of Pittsburgh, Pa., for United Air Lines Transport Corp. and witnesses, Robt. F. Mehl and Horace C. Knerr.

McVICAR, District Judge.

The motion of the Bethlehem Steel Company, third party defendant, for an order compelling Robert F. Mehl to answer certain questions addressed to him in the taking of a deposition in the City of Pittsburgh, Pennsylvania, was reargued. The questions which Mehl refused to answer and the privilege claimed by Mehl and the United Air Lines Transport Corporation appear in the opinion filed by this court at the time an order was made thereon, February 26, 1940. D.C., 31 F.Supp. 617.

The court held in said opinion that the burden of proving privilege rests upon the person asserting it; that "The authorities relied upon by The United Air Lines Transport Corporation relate to communications and reports between attorneys and clients, and in one case, to a communication between attorneys and an engineer. These authorities are not applicable to the questions under consideration, as they do not involve any reports or communications from the deponent to The United Air Lines Transport Corporation. As these questions do not fall within the authorities relied upon by The United Air Lines Transport Corporation, nor within any other rule cited by said corporation, the deponent should be required to answer said questions."

The United Air Lines Transport Corporation, in its reargument, contends that not only are reports and communications made by Mehl to it or its attorneys privileged, but that the examinations and tests made by

Mehl which have been the subject of such reports or communications, and any opinions formed by him, are also privileged. There are authorities in support of this contention. In 70 C.J., page 432, section 581, it is stated: "It has been held that communications between a client and agent respecting matters concerning litigation, had with the intention of submitting the information obtained to an attorney, are privileged, especially where the communication was at the instance of the attorney, and that information obtained by the client, by means of communications or otherwise, from persons other than his legal advisers, with a view to litigation actual or contemplated, is likewise protected. But it has also been held that the privilege does not extend to communications had by the client with agents or strangers, without the suggestion or direction of the attorney, whether or not litigation is threatened or pending. However, communications between a principal and agent, such as between an officer of a company and the company, with a view to litigation, are privileged; and this is also true of statements submitted by an agent to his principal at the request of the latter for the purpose of being laid before a solicitor or attorney for his advice and opinion or for guidance in litigation, * * *."

On the same page, in note 7(c), it is stated: "Evidence obtained by attorney or at his instance after litigation has been commenced or threatened, or with a view to the defense or prosecution of such litigation, is protected even if obtained by the client. Wheeler v. Le Marchant, 17 Ch.D. 675 (quot with appr Kennedy v. Lyell, 23 Ch.D. 387)."

On the same page in note 8(a) (2) it is stated: "Where claims have been made for injuries, or litigation is reasonably apprehended, the results of investigations made with a view to prepare a defense are privileged. Cossey v. London, etc., R. Co., L.R. 5 C.P. 146; Skinner v. Great Northern R. Co., L.R. 9 Exch. 298; Collins v. London Gen. Omnibus Co., 57 J.P. 678; London, etc., R. Co. v. Kirk, 51 L.T.Rep.,N.S. 599."

On pages 432 and 433 in note 11 (a) and (b) it is stated:

"(a) Railroad agent.—Report by railroad operating agents for submission to counsel for his advice and to enable him to prepare defense was a privileged communication. Atlantic Coast Line R. Co. v. Williams, 21 Ga.App. 453, 94 S.E. 584.

"(b) Reports regarding accidents made by the employees of a railway company for the information of the claim agent, and turned over by him to counsel of the company for his use in case of suit, are privileged. Ex p. Schoepf, 74 Ohio St. 1, 77 N.E. 276, 6 L.R.A.,N.S., 325."

On page 402 in note 76(b) and (c) it is stated:

"(b) Skilled investigator of documents.— A report of a skilled interpreter or translator of ancient documents, employed by the solicitor because he could not so effectually do the work himself to search ancient records and report such as he thinks will tend to support the client's case, is privileged. Churton v. Frewen, 2 Dr. & Sm. 390, 62 Reprint 669.

"(c) Report of accountant.—The reports of an accountant employed by a solicitor to investigate books are privileged from production. Walsham v. Stainton, 2 Hem. & M. 1, 71 Reprint 357."

In McCarthy v. Palmer, E.D. N.Y., 29 F.Supp. 585, 586, Judge Moscowitz held: "In connection with the particular evidence in question, a further problem was brought into focus, namely, the extent to which the new Rules of Civil Procedure permit the examination by one party of affidavits and similar materials secured by the other party by independent investigation incident to the preparation of the case for trial. While the Rules of Civil Procedure were designed to permit liberal examination and discovery, they were not intended to be made the vehicle through which one litigant could make use of his opponent's preparation of his case. To use them in such a manner would penalize the diligent and place a premium on laziness. It is fair to assume that, except in the most unusual circumstances, no such result was intended."

In Rule 35 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided that in an action in which the mental or physical condition of a party is in controversy, the court may direct him to submit to a physical or mental examination by a physician; furthermore, that if requested, the person examined shall be entitled to receive from the party causing the examination a copy of the report of the examining physician setting out his findings and conclusions. If such request is made and acceded to, the party causing the examination to be made shall be entitled to receive from the party examined.

a like report of any examination previously or thereafter made of the same mental or physical condition. This rule impliedly recognizes that an examination made by a physician of a party is privileged unless the privilege is waived by pursuing the course referred to in the Rule.

To permit a party by deposition to examine an expert of the opposite party before trial, to whom the latter has obligated himself to pay a considerable sum of money, would be equivalent to taking another's property without making any compensation therefor. To permit parties to examine the expert witnesses of the other party in land condemnation and patent actions, where the evidence nearly all comes from expert witnesses, would cause confusion and probably would violate that provision of Rule 1 which provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

I am of the opinion, under the foregoing authorities and for the reasons aforestated, that the witness Mehl should not be required to disclose any reports or communications which he has made to the defendant, the United Air Lines Transport Corporation, or its attorneys, nor should he be required to answer questions as to any examination or tests made by him which have been the subject of such reports or communications, or that he should be required to answer any question calling for his opinion. If it should appear, however, that Mehl made changes in the cylinder, he should tell what those changes were; he should describe the appearance of the cylinder prior thereto and after the changes were made; furthermore, if he made any tests of the cylinder which cannot be repeated now with the same results because of the changes he has made, he should describe such tests and the results thereof.

In accordance with the foregoing opinion, it is directed that Robert F. Mehl answer the questions set forth in Exhibit A attached to the motion of the Bethlehem Steel Company with the exception of the questions which read as follows:

"To state the nature and scope of the examination made.

"What tests, if any, he had made of said cylinder and engine, or any parts thereof. What were the results of any such test.

"Whether he found anything the matter with cylinder 3."

The order of this court made February 26, 1940 is modified and changed so as to read as provided above.