BERGSTROM PAPER CO. v. CONTINEN-
TAL INS. CO. OF CITY OF NEW
YORK et al.

Civil Action No. 4245.

District Court, E. D. Wisconsin.
Oct. 3, 1947.

Ray C. Dempsey, of Bouck, Hilton, & Dempsey, all of Oshkosh, Wis., for plaintiff.

H. O. Wolfe, of Wolfe, O'Leary & Kenney, all of Milwaukee, Wis., for defendant Continental Ins. Co.

Henry S. Reuss, of Quarles, Spence & Quarles, all of Milwaukee, Wis., for defendant Hartford Steam Boiler Inspection & Ins. Co.

DUFFY, District Judge.

This is an action to recover under the terms of insurance policies for damages arising from an explosion in plaintiff's manufacturing plant on November 25, 1945. The two insurance company defendants are contesting as to what equipment or machinery in plaintiff's plant exploded. The only person present at the time of the explosion died as a result thereof. The proofs to be offered at the trial will rest largely upon expert testimony.

On July 15, 1947, defendant Hartford moved for summary judgment and the hearing thereon was scheduled for August 11. The motion was supported by an affidavit of one Phillips, assistant chief engineer of Hartford, which described in great detail the equipment and machinery in the boiler house and other parts of plaintiff's plant and attached to which, as exhibits, were various papers, including diagrams and photographs. It was Phillips' conclusion that the situs of the explosion was the Cochrane feed-water heater, an object not insured by Hartford.

Plaintiff moved to dismiss the motion for summary judgment and in support thereof presented the affidavit of one William Lange, disputing in general the conclusions reached by Phillips. Shortly after the service of the Lange affidavit, Hartford notified the clerk of this court that its motion for summary judgment would be dismissed by agreement of the parties, and an order dismissing same was entered. Two days later Hartford served notice of taking the deposition of William Lange on September 10, 1947. At this examination Lange was questioned in great detail as to the various portions of plaintiff's plant and the equipment therein, the transcript of his examination running 172 pages. Lange was asked and he disclosed the names of other experts with whom he had consulted; he was also questioned at length as to the basis of his conclusions. In attendance at the examination were several expert witnesses who will undoubtedly be called upon by Hartford to testify at the trial.

At the conclusion of Lange's testimony, a stipulation was entered into for an adjourned hearing at which time Lange was to produce sketches and drawings, blueprints, fittings, the report of the I. H. Hunt Company, as well as Lange's report on his findings made to his associates, and correspondence with Cochrane Company. At the resumed hearing all of these items were produced except his interoffice report which the witness had inadvertently omitted to bring. The items so produced were marked Exhibits 9 to 19 inclusive, and no objection was made to their offer. In addition, Mr. Lange's file contained certain work sheets and computations which Hartford's attorney, without the knowledge of plaintiff's attorney, took and had marked as Exhibits 3 to 8 inclusive, as follows:

Exhibit 3: Calculations by Structural Department of Alden and Company to get the tensile strength of cast iron fittings

Exhibit 4: Lange's notes, dated September, 1947, on sequence of events of accident

Exhibit 5: Calculations to show force developed by ruptures of water pipe under pressure

Exhibit 6: Calculations on strength of cast iron elbows

Exhibit 7: Calculations on comparative strength of cast iron steel fittings

Exhibit 8: Analysis of Bergstrom's operating condition charts.

When an attempt was made to examine the witness as to these items, plaintiff's counsel directed the witness not to answer until he was ordered to do so by the court.

Hartford has moved (1) that an order be entered requiring the plaintiff to produce and permit Hartford to inspect and copy the documents listed (Exhibits 3 to 8); and (2) that a further order be entered

compelling the witness to be examined on his deposition as to such documents.

Plaintiff has filed a motion (1) that the entire testimony of William Lange so far taken be suppressed; (2) in the alternative, if (1) be denied, that all that part of the examination of William Lange referring to his conclusions as to the cause and situs of the explosion be suppressed; and (3) in the alternative, if (1) and (2) be denied, that Exhibits 3 to 8 inclusive be returned to the witness and any reference thereto in the testimony be stricken.

Plaintiff argues that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, should not be construed so that opinions of expert witnesses based upon investigations made by them in the employ of any one of the parties may be the subject of discovery. He cites Lewis et al. v. United Air Lines Transport Corp. et al., D.C., 32 F.Supp. 21, and Boynton v. R. J. Reynolds Tobacco Co., D.C., 36 F. Supp. 593. I cannot sustain this viewpoint.

The deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the cry of "fishing expedition" preclude a party from inquiring into the facts of his opponent's case. Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385; Olson Transportation Co. v. Socony-Vacuum Oil Co., D.C., 7 F.R.D. 134. One of the applicable tests is whether or not testimony elicited upon the discovery examination would be properly receivable as evidence at the trial. Discovery procedure simply advances the stage at which disclosure can be compelled from the time of the trial to the period preceding it. Hickman v. Taylor, supra, 329 U.S. page 507, 67 S.Ct. page 391. If Lange were to testify upon the trial concerning his conclusions as to the situs of the explosion, he could be asked on cross-examination upon what he based such conclusions. Hartford has already extensively made such inquiry upon the discovery examination, and such questions were proper. Plaintiff's motions (1) and (2) must be denied.

An additional reason for denying plaintiff's motions (1) and (2) is that Exhibits 9 to 19 inclusive were produced upon the examination of Lange as the result of a stipulation. If plaintiff ever did have a valid objection to the taking of Lange's deposition, it has been waived.

Note should also be taken that in Wisconsin the rule is that all witnesses, including experts, are required to obey subpoenaes and testify for statutory witness fees. Philler v. Waukesha County, 139 Wis. 211, 120 N.W. 829, 25 L.R.A.,N.S., 1040, 131 Am.St.Rep. 1055, 17 Ann.Cas. 712.

We now consider plaintiff's third alternative motion, that Exhibits 3 to 8 inclusive be returned to the witness Lange and any reference thereto in the testimony be stricken, and also to defendant Hartford's motion for an order compelling the witness Lange to be examined on his deposition as to Exhibits 3 to 8 inclusive.

If Exhibits 3 to 8 inclusive had been produced upon the examination of Lange pursuant to a subpoena duces tecum or other court order, I would have ruled that questions pertaining thereto might properly be asked, upon the theory that if Lange were being cross-examined at the trial as to the basis of his conclusions, he might well refer to his work sheets and calculations. Hartford's counsel would then be entitled to inspect same and, if he thought it advisable, introduce them into evidence in connection with the testimony of the witness.

But now the situation is different. An extensive and detailed examination of the basis of Lange's conclusions has already been had. The specimens of pipes and fittings, and the drawings, diagrams and blueprints with which he worked, have all been presented by the witness and are now a part of his deposition. Furthermore, Exhibits 3 to 8 inclusive were obtained in a manner strongly condemned by plaintiff's counsel upon the oral argument of the pending motion. I conclude that further examination of Lange would be burdensome and unnecessary.

In Hickman v. Taylor, supra, the court said (329 U.S. page 512, 67 S.Ct. page 394): " * * * But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden

rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order. * * *"

Although Lange was not an attorney for the plaintiff an analogy may properly be drawn. Under the circumstances here existing Hartford has not sustained the burden of showing adequate reasons for a further examination of the witness Lange. The denial of such further examination will not cause Hartford either hardship or injustice.

In Hickman v. Taylor, supra, the Supreme Court said (329 U.S. page 497, 67 S.Ct. page 387): " * * * It is not without reason that various safeguards have been established to preclude unwarranted excursions into the privacy of a man's work.

At the same time, public policy supports reasonable and necessary inquiries. Properly to balance these competing interests is a delicate and difficult task."

An order may be entered (1) denying Hartford's motion for an inspection of Exhibits 3 to 8 inclusive and further examination of Lange with reference thereto; (2) denying plaintiff's motion for the suppression of any part of the deposition of Lange heretofore taken; (3) granting plaintiff's motion that Exhibits 3 to 8 inclusive be returned to the witness; and (4) that, at Hartford's option, the interoffice report covered by the stipulation, which through inadvertence was not brought by the witness at the time of his examination, be brought to Hartford's attorney for inspection and copying, and thereafter returned to Lange.