**Anne Kiernan BEIRNE and Patrick Beirne, Plaintiffs,**

v.

**FITCH SANITARIUM, Inc., New York Medical College, Flower and Fifth Avenue Hospitals, Dr. J. P. McLaughlin, Dr. Louis W. Maraventano and Dr. Robert S. Bickley, Defendants.**

United States District Court
S. D. New York, Civil Division.

Jan. 26, 1957.

Krause, Hirsch & Heilpern, New York City, for plaintiffs.

Casper B. Ughetta, New York City, for defendant Fitch Sanitarium.

Samuel B. Lemkin, New York City, for defendant Dr. Maraventano.

Martin, Clearwater & Bell, New York City, for defendant New York Medical College.

Garbarini & Kroll, New York City, for defendant Dr. Bickley.

WEINFELD, District Justice.

 The purpose of the pre-trial-deposition-discovery procedure is for the discovery of facts relevant to the subject matter of the action, or to unearth leads as to where evidence may be located. Kaiser-Frazer Corp. v. Otis & Co., D.C.S.D.N.Y., 11 F.R.D. 50. While questions which to a degree call for an expression of opinion may, where they are relevant to the issues, be permitted, Gagen v. Northam Warren Corp., D.C. S.D.N.Y., 15 F.R.D. 44, the rules were not intended to permit a party to question his adversary as an expert witness by putting a series of hypothetical questions based upon an assumed state of facts as to which there is no proof and as to which the adverse party's counsel has had no opportunity to cross examine. The nature of the hypothetical questions reveals their vice. Typical is the lead question to the entire series objected to, which is as follows:

"Q. I am going to ask you to assume certain facts. Take it for granted that, for the purpose of the questions I am going to ask you, such a condition existed whether it did or not, in your mind or otherwise, exist. Assuming these facts I am going to give you, I will ask you certain questions and see if you and I can agree on something. * * *"

This type of inquiry does not lead to the discovery of evidence relevant to the issues and would serve no substantial purpose. Cf. 4 Moore, Federal Practice, ¶ 33.17 (2d ed. 1950). Indeed, a fair reading of the questions indicates that their essential purpose is not to ascertain evidence but rather to impeach the adverse party.

■ The questions propounded may be put to the defendant if the unestablished hypothetical aspects are omitted and the questions are confined to acts performed or not performed by the defendant, or to any fact or circumstance relating to the plaintiff's hospitalization, medical or surgical treatment. As so amended the questions may be allowed.

Settle order on notice.