Jennie RUSSO, Administratrix of the Estate of Thomas D. Russo

v.

MERCK & CO., Inc.

Civ. A. No. 1892.

United States District Court
D. Rhode Island.

Nov. 22, 1957.

See also, 138 F.Supp. 147.

Goldberg & Goldberg, Providence, R. I., Leo M. Goldberg, Providence, R. I., of counsel, J. Frederick Murphy, Pawtucket, R. I., for plaintiff.

Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Providence, R. I., Stephen B. Ives, Jr., Providence, R. I., of counsel, for defendant.

DAY, District Judge.

In this action the plaintiff seeks to recover damages for the death of her intestate which is alleged to have been caused by the presence of certain "poisons and deleterious substances" in blood plasma manufactured by the defendant and administered to the decedent while a patient in a hospital in the city of Providence. Her complaint contains two counts; the first sounding in negligence; the second, in deceit.

The defendant has moved for the entry of an order under Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. limiting the scope of the examination of certain employees of defendant whose depositions the plaintiff has endeavored to take. Defendant requests me to limit these depositions "to exclude any questions calling for answers based on the expert knowledge of the witnesses deposed or their opinions" and to exclude all hypothetical questions.

Plaintiff in February 1957 commenced the taking of a series of depositions in Philadelphia and West Point, Pennsylvania. Objections by counsel for the defendant to certain questions and his instructions to the deponents not to answer them resulted in the suspension of the depositions and the filing of the instant motion. Although the precise capacities in which the deponents are employed by the defendant are not set forth in the motion, it seems clear from the arguments of counsel that said deponents are to be regarded as managing agents of the defendant. Being managing agents of the defendant, the plaintiff may use their depositions for any purpose. Rule 26(d) (2). In addition, under Rule 26(c) she has the right to interrogate them by leading questions and to contradict and impeach them in all respects as if they had been called by the defendant. See Rule 43(b).

■ Rule 26(b) provides in part as follows:

"(b) Scope of Examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party * * * It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence * * * "

It is too well settled to require citation of authorities that an examination under this rule is not limited to matters of admissible evidence. The examination may relate to any matter which is not privileged which is relevant to the subject matter involved in the pending action and may be employed to obtain evidence for use at the trial or to ascertain where such evidence may be secured.

In support of its motion the defendant relies upon the case of Lewis v. United Air Lines Transport Corporation, D.C. W.D.Pa.1940, 32 F.Supp. 21 and upon later cases which have followed the doctrine enunciated therein. In that case the third-party defendant sought to take the deposition of an expert who had been engaged by the defendant to make tests of an allegedly defective cylinder in an airplane engine. In refusing to permit the deposition to be taken the court said at page 23 of 32 F.Supp.:

"To permit a party by deposition to examine an expert of the opposite party before trial, to whom the lat-

ter has obligated himself to pay a considerable sum of money, would be equivalent to taking another's property without making any compensation therefor. To permit parties to examine the expert witnesses of the other party in land condemnation and patent actions, where the evidence nearly all comes from expert witnesses, would cause confusion and probably would violate that provision of Rule 1 which provides that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.' "

The decisions forbidding a party from taking the deposition of his opponent's expert before trial are based upon the considerations that it would be unfair and unjust to do so and that no necessity therefor exists because the party seeking the deposition can engage his own expert to study the factual situation and to give him an opinion thereon.

In the instant case the plaintiff is not taking the deposition of experts engaged by the defendant to make a study of the controversy involved in this action and to advise and give it an expert opinion. Hence the considerations of unfairness and public policy, which were emphasized in Lewis v. United Air Lines Transport Corporation, supra, and the decisions following its reasoning, need not concern us.

This distinction is well pointed out in the case of Moran v. Pittsburgh-Des Moines Steel Co., D.C.W.D.Pa.1947, 6 F. R.D. 594, at page 596:

"If J. O. Jackson, in the instant case, had been employed by the defendants solely to advise them or express an opinion under the facts which existed, there is no question in the mind of the Court but what the questions asked during the taking of depositions would be improper. This would be true for the reason that it would permit the complainant, by a deposition, to examine an expert employed by the defendants before trial, to whom the defendants have obligated themselves to pay for the opinion given and services rendered, and this would amount or be equivalent to permitting the complainant to establish and prove a case at the expense of the defendants. * * * Although the answer to these questions will carry the opinion of the witness, it will amount to a statement of facts as to why certain things were done, or not done, by the defendants. Unless this information is made available, and this is the one person who knows, a full and complete picture will not be presented when consideration is given as to whether negligence or lack of care existed in the construction of said tank."

■ In my opinion the rule laid down in Moran v. Pittsburgh-Des Moines Steel Co., supra, is sound and should be followed in this case. The methods employed by the defendant in the production of its blood plasma are solely within its knowledge. The plaintiff is entitled to liberal discovery in attempting to ascertain the facts surrounding its production. She is entitled to know why certain things were done, or were not done, by the defendant. The fact that the deponents possess expert knowledge should not immunize them from examination or inquiry designed to give a complete picture as to whether negligence existed in the production of the blood plasma and as to whether the defendant had "knowledge and notice" that the blood plasma sold and distributed by the defendant and injected into the deceased contained said "poisonous and deleterious substances". Questions which will elicit answers bearing on these issues are proper even though such answers may constitute the opinions of the deponents.

■■ Under the Federal Rules of Civil Procedure liberal pretrial discovery procedures are intended. This being

so, the power of this Court under Rule 30(b) to limit the scope of an examination under Rule 26 should not be exercised in the absence of a showing that the examination is being conducted in bad faith and in such a manner as unreasonably to annoy, embarrass or oppress the deponent or the opposite party. Schwartz v. Broadcast Music, D.C.S.D. N.Y.1954, 16 F.R.D. 31; Banana Distributors, Inc. v. United Fruit Company, D.C.S.D.N.Y.1956, 19 F.R.D. 244. No such showing has been made here.

If the depositions are resumed and counsel for the defendant believes that certain specific questions are improper, he may seek relief under Rule 30(d) from the court in the district where the depositions are being taken or he may make his objections to the admissibility of the evidence adduced by such questions in this Court at the time of the trial of this action as provided in Rule 26(e).

The motion for an order under Rule 30(b) is denied.