Howard SMITH

v.

HOBART MANUFACTURING CO.,
Defendant and Third-Party
Plaintiff,

v.

HOLIDAY FROSTED FOOD COMPANY,
Third-Party Defendant.

Civ. A. No. 23264.

United States District Court
E. D. Pennsylvania.

Oct. 31, 1960.

Benjamin Kuby, Klovsky & Kuby, Philadelphia, Pa., for plaintiff.

John B. Hannum, 3rd, Philadelphia, Pa., for defendant and third-party plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for third-party defendant.

EGAN, District Judge.

This is a suit by an employee of the third-party defendant, a food-processing company, against the manufacturer of a meat grinder used by the third-party defendant. While the defendant was operating the grinder in the course of his employment, his hand became caught in the grinder and he suffered the loss of his arm. He claims that the accident

resulted from the negligent and unsafe design of the meat grinder. Jurisdiction is by diversity of citizenship.

The case was tried to a court and jury, which found negligence on the part of both the defendant and the third-party defendant and fixed the plaintiff's damages at $60,000. The trial judge, because of doubts concerning the qualifications of the plaintiff's expert engineering witness, granted a new trial on the issue of liability, 185 F.Supp. 751. The plaintiff has informed the defendant of the names of two new engineering experts whom he intends to call as witnesses. It is indicated that plaintiff's original expert is abroad and may not be available for the re-trial. The defendant has moved the court to order counsel for the plaintiff to produce these two witnesses so the defendant may take their depositions. The defendant is willing to pay transportation costs and reasonable witness fees.

■ We are in agreement with Professor Moore, who says:

"The court should not ordinarily permit one party to examine an expert engaged by an adverse party, or to inspect reports prepared by such expert, in the absence of a showing that the facts or the information sought are necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent investigation or research." 4 Moore's Federal Practice 1158.

■ Neither of the two witnesses has any first-hand information about the design or manufacture of the meat grinder or about the circumstances of the accident. Presumably they will testify as to their opinion of the design of the machine, after an examination of the plans and photographs and perhaps of the machine itself. Information concerning the design and manufacture of the machine is obviously easily available to the defendant which may present its own experts if and as required. The motion will be denied.