David B. COXE, Jr.

v.

Floyd Johnson PUTNEY.

No. 26057.

United States District Court
E. D. Pennsylvania.

Jan. 25, 1961.

Wilfred R. Lorry, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Philip H. Strubing, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

EGAN, District Judge.

This is a malpractice action against a physician arising from the accidental perforation by the defendant of the plaintiff's esophagus during the course of an examination. During the taking of defendant's pre-trial deposition, an issue has apparently developed whether prior to the ill-fated esophagoscopy the defendant was informed by the plaintiff's private physician, Dr. Charamello, of previous difficulties the plaintiff had had with this type of examination and special precautions which accordingly had to be taken. Dr. Charamello swore that he so informed the defendant.

On October 6, 1960, while testifying on deposition the defendant, upon advice of his counsel, refused to answer the following questions put to him by plaintiff's counsel:

"Q. Wouldn't it help, Doctor, for you to know the reaction of the patient in previous examinations of the same nature that you intend to make?"

"Q. Would that in any way, had you had that information [a report of previous examinations of the plaintiff's esophagus], Doctor, have affected the nature of the procedure that you would then have undertaken?"

Later during the taking of his deposition, the defendant denied having had any word from Dr. Charamello. He then refused, upon advice of his counsel, to answer the following question:

"Q. Let me ask you, if Dr. Charamello had called you and advised you, as he testified, would you have then performed the esophagoscopy under general anesthesia?"

The plaintiff now moves the Court to order the defendant to appear for further oral examination and to answer the aforesaid questions and any other questions pertaining to the same subject matter which plaintiff's counsel may ask.

Federal Rule of Civil Procedure 26(b), 28 U.S.C.A., provides:

"the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining

party or to the claim or defense of any other party * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Defendant's counsel argues that the defendant may not be asked questions on deposition dealing with what he might have done on the basis of hypothetical facts; that since the defendant *denies* that he was told the facts which form the basis of the questions, those facts played no part in his decisions on the diagnosis and treatment of the plaintiff and so the questions are necessarily hypothetical and clearly objectionable.

■ The plaintiff contends that answers to these questions will help to narrow the issues at trial, which is, after all, one of the important purposes of pre-trial discovery. Hickman v. Taylor, 1947, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451. If the defendant says that his treatment would have been different had he known of the plaintiff's extreme sensitivity to this kind of examination then the issues of liability at trial will be narrowed principally to questions of whether the defendant was not informed by Dr. Charamello of the results of the previous examinations and whether he was not negligent in failing to inquire into them. If, on the other hand, the defendant contends that he would have proceeded in the same manner even if he had been aware of the plaintiff's sensitivity, the issues at trial would concern whether the procedure followed by the defendant was consistent with the exercise of reasonable medical care under the circumstances.

We are more impressed by the plaintiff's reasoning than by the defendant's. We think it appropriate to refer to Beirne v. Fitch Sanitarium, Inc., D.C. S.D.N.Y.1957, 20 F.R.D. 93, cited in defendant's memorandum. In that case the defendant physician objected to certain hypothetical questions put to him at the taking of his pre-trial deposition. In sustaining the objection, the Court said:

"While questions which to a degree call for an expression of opinion may, where they are relevant to the issues, be permitted, * * * the rules were not intended to permit a party to question his adversary as an expert witness by putting a series of hypothetical questions based upon an assumed state of facts as to which there is no proof and as to which the adverse party's counsel has had no opportunity to cross examine. The nature of the hypothetical questions reveals their vice. Typical is the lead question to the entire series objected to, which is as follows:

" 'Q. I am going to ask you to assume certain facts. Take it for granted that, for the purpose of the questions I am going to ask you, such a condition existed whether it did or not, in your mind or otherwise, exist. Assuming these facts I am going to give you, I will ask you certain questions and see if you and I can agree on something. * * *'

"This type of inquiry does not lead to the discovery of evidence relevant to the issues and would serve no substantial purpose. Cf. 4 Moore, Federal Practice, par. 33.17 (2d ed. 1950). Indeed, a fair reading of the questions indicates that their essential purpose is not to ascertain evidence but rather to impeach the adverse party.

"The questions propounded may be put to the defendant if the unestablished hypothetical aspects are omitted and the questions are confined to acts performed or not performed by the defendant, or to any fact or circumstance relating to the plaintiff's hospitalization, medical or surgical treatment * * *." 20 F.R.D. 93, 94.

■ In the case before us, the "state of facts" assumed by plaintiff's counsel,

i. e., that the defendant had been warned of the plaintiff's sensitivity, is one as to which there is proof (Dr. Charamello's testimony) and as to which the defendant has had an opportunity to cross examine. Defendant's counsel's contention that the defendant's denial of the assumed state of facts makes that state of facts purely hypothetical ignores the sworn testimony of the plaintiff's witness. At present, the assumed state of facts is a factual issue for a jury's determination. Since a jury might find that the defendant did have notice of the plaintiff's sensitivity, the plaintiff is entitled to ask the defendant what effect that notice would have had, if any, on the defendant's course of treatment of the plaintiff.

Counsel will submit an appropriate order.