**HENLOPEN HOTEL CORPORATION, a Delaware corporation, also known as Hotel Henlopen, Inc., Plaintiff,**

v.

**AETNA INSURANCE COMPANY, a Connecticut corporation, et al., Defendants.**

**Civ. A. No. 2503.**

United States District Court
D. Delaware.

July 23, 1963.

See also 213 F.Supp. 320.

Samuel R. Russell, Herrmann, Bayard, Brill & Russell, Wilmington, Del., for plaintiff.

William Prickett, Jr., Prickett & Prickett, Wilmington, Del., for defendants.

LAYTON, District Judge.

In March, 1962, plaintiff's ocean front hotel property in Rehoboth Beach, Delaware, was partially destroyed by a severe storm along the Atlantic coast. Defendant insured the property against loss caused by wind, but not against loss caused by water. Plaintiff filed the present action based on the insurance contract, alleging wind damage. The defense is that ocean water, and not wind, destroyed the property. Plaintiff's attorney, in order to aid him in the preparation of the case, retained an expert structural engineer and an expert civil engineer. Defendant served notice upon plaintiff of its intention to examine the latter's expert witnesses under Rule 26 F.R.Civ. P. Plaintiff has moved for a protective order under Rule 30(b). The question before the Court is, thus, squarely presented whether defendant's attorney may take the pretrial depositions of plaintiff's experts to discover their opinions and the bases therefor.

Varying factual circumstances and diverse legal views have left this question in sharp confusion. The cases go both ways. Compare Bergstrom Paper Co. v. Continental Ins. Co., D.C., 7 F.R.D. 548 with Lewis v. United Airlines Transport Corporation, 32 F.Supp. 21 (D.C. Pa.).[1] The general rule as stated by Moore's Federal Practice, Vol. 4 Sec. 26.24 at page 1531, is this:

> "The Court should not ordinarily permit one party to examine an expert engaged by the adverse party, or to inspect reports prepared by such expert, in the absence of a showing that the facts or the information sought are necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent investigation or research."[2]

However, Chief Judge Wright, in United Airlines Inc. v. U. S., D.C., 26 F.R.D. 213, a recent decision in this District, indicated that no absolute rule could be laid down and that the competing claims of need and prejudice must be weighed in each case.

The so-called general rule denying the right to take the depositions of the opposing side's experts is based upon two

---

[1]. It is to be noted that even in cases such as this, where the general rule is cited with approval, discovery is usually permitted, at least to some extent, where a strong showing of good cause is made.

[2]. Moore seems to express his individual preference against this rule where, as here, the moving party offers to pay the reasonable fees and expenses of the expert. See also 74 Harv.L.Rev. 940 (1038).

arguments.[3] First, it is said that it would be unfair to permit a party, by deposition, to examine an expert employed by the opponent, whom the opponent is obligated to pay, with the result that the moving party would be enabled to establish and prove a case at the expense of his adversary. Lewis v. United Air Lines Transport Corporation (D.C.Pa.), 32 F.Supp. 21. This argument has no application here for the reason that the moving party has offered to pay a reasonable portion of the fees of the plaintiff's experts.

A second reason sometimes advanced is that while a witness to an actual occurrence, such as an automobile accident, is indispensable and, thus, the necessity of examining him exhaustively obviously essential, the opinions of experts are obtainable from many sources and there is little need to seek them from experts retained by an adversary. Smith v. Hobart Manufacturing Co., 188 F. Supp. 135 (D.C.Pa.) ; Walsh v. Reynolds Metal Co., 15 F.R.D. 376 (D.C.N.J.). I do not find this reasoning persuasive.

■ However sound the reasons may be for prohibiting the pretrial examination of experts generally in a patent case where one or two expert witnesses may frequently comprise a party's entire case, E. I. duPont deNemours & Co. v. Phillips Petroleum Co., D.C., 24 F.R.D. 416, in the absence of a good reason to the contrary,[4] and upon the offer to pay a reasonable portion of the expert's fees, I am of the opinion that, in the ordinary case, such an examination should be permitted. Bergstrom Paper Co. v. Continental Ins. Co., D.C., 7 F.R.D. 548 ; Russo v. Merck & Co., D.C., 21 F.R.D. 237.

■ Even assuming that some showing of good cause had to be made,[5] the views of Chief Judge Wright in United support the conclusion that even a minimal showing should be sufficient unless persuasive reasons exist to the contrary. In my view, a minimal showing lies in the need to know and understand not only the facts, but also the theories and the method of approach upon which the adversary's experts rely.

Under such circumstances, at the very best, pretrial examination may reveal such major defects in the reasoning and conclusions of the experts of one side or the other as to lead to settlement or, at the very least, enable counsel to prepare a searching and informative cross-examination for the purpose of laying bare the relative abilities of the various experts so that a jury of laymen can best weigh and assess the value of their testimony. 74 Harvard L.Rev. 940 (1038).

■■ Here, the minimal showing of the defendant in favor of the pretrial examination of plaintiff's experts is resisted upon the sole ground that the so-called general rule is to the contrary. This is not enough. In the absence of a persuasive reason to the contrary, and based upon defendant's offer to pay a reasonable portion of the fees [6] of plaintiff's experts, the plaintiff's motion will be denied.

3. On occasions, the objection of privilege or work product is raised. The soundness of such an objection is debatable at least where the sole ground is that an opponent's expert witness is sought to be examined pretrial. Sachs v. Aluminum Co. of America, 167 F.2d 570 (6th Cir.).

4. See United Air Lines, Inc. v. United States, D.C., 26 F.R.D. 213 where a policy of government secrecy was involved.

5. The original notice of deposition is based upon Rule 26 which requires no showing of good cause. And even if it were based upon Rule 34, or a 30(b) motion were filed, Judge Wright indicates in United that a showing of good cause is not so much an affirmative burden of the moving party as a comparative evaluation by the Court of competing claims of need and prejudice.

6. While no general rule can be laid down, the moving party, where able, must pay something more than just the expenses of taking the depositions of the expert and his necessary traveling expenses. As has been stated, many decisions hold that discovery of experts of the opponent is improper because it would be unfair to permit one party to establish his case,

or a portion thereof, at his adversary's expense. Thus it would logically follow that permission to obtain discovery of the adversary's expert must be conditioned upon the paying by the moving party of a portion of the basic fee charged by the expert to the adversary for his services less, of course, the cost and expenses attendant upon testimony at the trial itself.

To give a specific example, if an expert charged $500.00 as a basic fee for original work and conclusions prior to trial (exclusive of the cost and expenses of attending the trial and testifying), the moving party should pay not only all the expenses of the pretrial depositions together with the witness's travel expenses but also some portion of the $500.00 basic fee.