DRESSER INDUSTRIES, INC., a Delaware corporation, Plaintiff,

v.

Collin M. DOYLE, Wladzia G. Doyle, Edward Bauch, Benjamin G. Gajda and Liquid Dynamics, an Illinois corporation, Defendants.

No. 65 C 104.

United States District Court
N. D. Illinois, E. D.

Sept. 2, 1966.

Edward A. Haight, Haight, Simmons & Hofeldt, James B. O'Shaughnessy, Schiff, Hardin, Waite, Dorschel & Britton, Chicago, Ill., for plaintiff.

Eli Mullin, Edgar Bernhard, D'Ancona, Pflaum, Wyatt & Riskind, Max R. Kraus, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

Defendants served a notice to take the deposition of plaintiff's expert witness, Mr. Clarence T. Fishleigh. Mr. Fishleigh was retained in this patent action by plaintiff to examine equipment manufactured by defendant. Plaintiff objects to the taking of Mr. Fishleigh's deposition and has moved to quash the notice of deposition.

Taking the deposition of an expert witness, or, in a broader context, discovery of expert opinions and information, is not a novel issue in the federal courts.[1] Notwithstanding the lack of novelty, the cases indicate conflicting theories. A few common denominators, however, can be gleaned from the more recent cases.

First, it is clear that district courts have discretion in this area. The guidelines for applying this discretion are also evident. Rule 1 of the Federal Rules of Civil Procedure states that the rules "shall be construed to secure the

---

1. For a collection of cases see Long, Discovery and Experts, D.C., 38 F.R.D. 111, and United States v. 23.76 Acres of Land, D.C., 32 F.R.D. 593 (1963).

just, speedy, and inexpensive determination of every action." Speaking for the court in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), Mr. Justice Murphy stated the purpose of the rules:

"We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise." 329 U.S. at page 507, 67 S.Ct. at page 392.

■ Second, there must be some limitations on discovery. Courts must exercise their discretion to prevent the discovery process from becoming oppressive and unfair, a principle also recognized in Hickman v. Taylor, supra. As Mr. Long concluded in his article, supra, the question to be answered is "how can prior disclosure of expert information be best accomplished and the issues narrowed and clarified in good faith without oppression of either a party or witness." Long, Discovery and Experts, 38 F.R.D. at pages 152–153.

Third, the rationale of many modern cases denying discovery is the unfairness which would result if a party were permitted by deposition to examine an expert employed by his adversary. Thus the argument runs, the party would advance his case at the expense of his opponent.

■ Unfairness in a monetary sense can easily be remedied. Courts have ordered the moving party to pay a portion of the expert's fees. In United States v. 50.34 Acres of Land, D.C., 13 F.R.D. 19 (1952) the court allowed discovery but ordered the parties to agree to a stipulation for apportionment of the total fees charged by the expert. Similarly in Henlopen Hotel Corp. v. Aetna Insurance Co., D.C., 33 F.R.D. 306 (1963), the court's denial of objections to discovery was predicated upon the defendant's offer to pay a reasonable portion of the expert's total fee.

Professor Moore states that the majority of courts allow discovery only where a showing of necessity is made. He also points out, however, the purpose of the federal rules as expressed in Rule 1, and states that "the court should have discretion to order discovery upon condition that the moving party pay a reasonable portion of the fees of the expert." Moore, Federal Practice, Vol. 4, ¶ 26.24 at page 1531.

■ The instant case has been beset by pretrial difficulties. The road to completion of discovery has been long and, we would surmise, expensive. With this background in mind, we think the intent of the Federal Rules would be best served by allowing defendants to take Mr. Fishleigh's deposition providing that they share equally in the total fees which Mr. Fishleigh has charged plaintiff. Also, so that no one will receive any monetary advantage the parties should share the cost of Mr. Fishleigh's charge for his time at the deposition.

An appropriate order will enter denying the motion to quash the notice of deposition on the conditions set forth herein.