SUMMERS, Justice
(dissenting).
I do not agree that a physician, who was not a party to the litigation, can be required to give his professional opinion on a hypothetical situation in a discovery deposition in anticipation of trial.
Under these circumstances, the physician is not a “person” within the contemplation of Article 1436 of the Code of Civil Procedure. Pretrial discovery was not intended to permit a party to call a physician, not a party to the litigation, and propound a series of hypothetical questions to him, based upon an assumed state of facts, and require his expert opinion in reply. Beirne v. Fitch Sanitarium, Inc., 20 F.R.D. 93 (S.D.N.Y.1957).
Does the Court say here that any physician in the community can be hailed into court to give his expert opinion in a litigation to which he is not a party, is not retained as an expert and does not choose to give an opinion in the matter? Apparently that is the Court’s holding because the decision establishes no guidelines limiting the inquiry to acts performed or not performed by the witness, or to any fact or circumstance relating to plaintiff’s surgery, hospitalization or treatment. The holding approves a requirement that the witness respond with an opinion to a purely hypothetical question when the record discloses that he had no knowledge, other than hearsay, of the facts surrounding plaintiff’s surgery, hospitalization or treatment.
This type of inquiry does not lead to the discovery of evidence relevant to the issues. It is, instead, an unwarranted demand upon an uninterested physician for his professional opinion without any right of the inquisitor or the court to make such a demand.
I respectfully dissent.