## CIRCUIT COURT OF THE CITY OF RICHMOND

Gladys M. Broaddus

v.

Clinical Laboratory Consultants, Inc.

March 7, 1978

Case No. A-849

### By JUDGE WILLARD I. WALKER

The issue which [was] recently presented to the court, and to which this opinion letter is addressed, concerns the extent to which a defendant physician may be examined at discovery depositions. Although the formal written motions are not filed in this cause, the court, acting upon motions made in open court on March 6, 1978, acknowledges that the issue at hand is framed by a motion by plaintiff's counsel to compel the defendant physician to answer certain questions propounded to him in discovery depositions, and similarly a motion by defense counsel for an order of court to terminate the depositions or limit the scope of the questions that can properly be asked of the defendant physician.

For the purpose of this letter opinion, the court will be addressing itself to the role of the defendant physician in a case. The court recognizes that in this particular case the defendant is a professional corporation, Clinical Laboratories, Inc., and that the witness or witnesses whose deposition answers are sought are individual members of this professional corporation. Any distinctions that may be necessary between the defen-

dant physician and a physician as a member of a professional corporation defendant will be addressed at the end of this opinion letter.

In reaching the opinions in this letter, the court relies principally upon the following cases. *Rogotzki* v. *Schept*, 219 A.2d 426 (N.J. 1966); *Anderson* v. *Florence*, 181 N.W.2d 873 (Minn. 1970); *McDermott* v. *Manhattan Eye, Ear and Throat Hospital*, 15 N.Y.2d 20, 255 N.Y.S.2d 65, 203 N.E.2d 468 (Ct. App. 1964); *Russo* v. *Merck & Co.*, 21 F.R.D. 237 (D.R.I. 1957); *Coxe* v. *Putney*, 26 F.R.D. 562 (E.D. Pa. 1961).

The court finds the rulings as set forth in *Anderson* v. *Florence*, *supra*, and *Rogotzki* v. *Schept*, *supra*, controlling on the issues before the court. In short, a defendant physician may occupy the tripartite role of a factual witness as to facts within his personal knowledge, as an expert witness whose opinion evidence may be elicited on discovery depositions, and as an adverse witness subject to being cross-examined in the same fashion as any other adverse witness would be cross-examined. Specifically the court holds that the defendant physician may be asked to give his opinion or understanding of what constitutes the standard of medical practice in his community, the violation of which would constitute medical malpractice.

With regard to hypothetical questions, the court is inclined to agree with the statement contained in *Rogotzki* v. *Schept* that pure hypothetical questions should not be allowed. However, in the *Rogotzki* case pure hypothetical questions were not involved, and the court would adopt the view set forth in the case of *Coxe* v. *Putney*, *supra*, holding that hypothetical questions are proper to a defendant physician if the plaintiff's attorney vouches to the record that he is capable of and will indeed prove the underlying facts of the hypothetical. This does not mean that it is proper to inquire of any defendant physician as to all manner of subject matter based on hypothetical questions where the factual basis of the hypothetical questions has not been established and cannot be established and where the hypothetical questions go far beyond the treatment, care, observation and general management of the case by the defendant physician. An example of the proper hypothetical questions are found in the stated interrogatories in the case of *Anderson* v. *Florence*, *supra*, and such hypothetical questions as are contained in those interrogatories are not

objectionable and must be answered. Since it does not have before it the specific questions on which a response is sought from the physician, the court is not able to be more precise in its ruling with respect to hypothetical questions. I suggest to counsel, that should further disputes arise in the taking of discovery depositions, the answer to the question should be deferred, the depositions proceed, and the questions to which a response is not given be written up by a court reporter and presented to the court so they can be ruled upon individually, as was done in the *Rogotzki* case.

Lastly, we come to the question of the defendant being a professional corporation. This matter was not fully addressed by counsel in their presentation to the court on March 6, 1978. The court is of opinion that while the rulings contained hereinabove should apply to any doctor member of the professional group who rendered specific treatment to the plaintiff or who was in charge of plaintiff's case or some aspect of it, the ability to require the specific doctor to respond as an adverse witness and give expert testimony, including answering hypothetical questions, should not be expanded to other members of the group who had no direct involvement. It is not the court's purpose in allowing this discovery to allow the plaintiff to make out her entire case through the use of adverse witness tactics in discovery. Indeed, the court specifically does not rule as to whether or not questions similar to the ones under discussion here would be allowed to be asked of the physician in the trial of the case; nor does the court rule whether or not the plaintiff could recover solely upon the evidence elicited from the individual doctor within the professional group without outside independent testimony; particularly in the area of the standard of care applicable. If counsel could be guided by the general principles as they are set forth in the case of *Anderson* v. *Florence*, *supra*, and in the *Rogotzki* v. *Schept* case, I doubt that it would be necessary for this matter to be brought back to the court for additional ruling. If, however, there is a dispute between counsel as to the meaning of these cases and therefore the meaning of this ruling by the court, then follow the procedure I have outlined above to isolate these questions and bring them to the court in written form to be ruled upon by the court specifically.