**DIPSON THEATRES, Inc. v. BUFFALO THEATRES, Inc. et al.**

Civ. No. 3058.

United States District Court
W. D. New York.

Aug. 31, 1948.

See also 8 F.R.D. 86.

Borine & Hoffman, of Buffalo, N. Y., for plaintiff.

Raichle, Tucker & Moore, of Buffalo, N. Y., for defendants Buffalo Theatres, Inc., Paramount Pictures, Inc., Bison Theatres Corporation and Loew's, Inc.

Kimball, Smith, Miller & Murphy, of Buffalo, N. Y., for defendant Warner Bros. Pictures Distributing Corporation (formerly Vitagraph, Inc.)

Sidney B. Pfeifer, of Buffalo, N. Y., for defendants RKO Radio Pictures and Twentieth Century-Fox Film Corporation.

O'Brien, Driscoll & Raferty, of New Yerk City, c/o Raichle, Tucker & Moore, of Buffalo, N. Y., for defendants Universal Film Exchange, Inc. and United Artists Corp.

Schwartz & Frohlich, of New York City, c/o Zisser & Moriarty, of Buffalo, N. Y., for defendant Columbia Pictures.

KNIGHT, District Judge.

This is a motion to vacate a notice to take depositions. Subsequent to the commencement of this action, an accountant, employed by some of the defendants, made an examination of the plaintiff's books. The plaintiff subsequent thereto served a notice of the taking of the deposition of said accountant.

The plaintiff seeks to question the accountant to learn "all the facts, relevant to the defense of the subject matter of the action, he discovered or may claim to have discovered" in his examination of plaintiff's books. The notice to take deposition is made under Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The basis of defendants' motion is that the evidence sought is privileged.

The question of the application of Rules 26 thru 34 of the Rules of Civil Procedure has been considered many times by the Courts, text writers and writers of legal subjects. It is clear that Rule 26 is to be broadly construed with the purpose to enable litigants to search out, before trial, matters relative to the issues.

No case has been brought to my attention on the disclosures and situation such as here. It differs from all other cases in that the plaintiff has in his own possession its books examined by defendants' accountant and, as stated by plaintiff's counsel on the argument, the plaintiff has had an examination of these books by its own accountant. The question here simply is whether it should be permitted to inquire as to any conclusions arrived at by defendants' accountant when it has its own accountant, of whom the same inquiry may be made. Again these are books with which the examination is concerned. They show for themselves what they contain. Broad as Rule 26 has been and is to be construed, it is not believed that it contemplates an examination by an adverse party where the information sought, such as here, is shown in the original written records of the party who seeks the examination.

In the instant case both parties cite Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the leading case upon the construction of Rule 26 supra. The question there differs from that here in that the examination of the attorney for a party was sought with respect to statements taken by him on behalf of his client. Certain excerpts in the opinion seem to lend some support to the plaintiff's contention here but it is not believed that the opinion in toto does this. It was their claim that the examination sought was privileged. The decision of this motion is not made on the basis of privilege but rather on the ground that the evidence sought, so far as relevant, is within the possession of the plaintiff.

The second case cited by the plaintiff is Sachs v. Aluminum Company of America, 6 Cir., 1948, 167 F.2d 570. That is a holding to the effect that any examination of an expert employed by the defendant may be had under Rule 26. It does not appear that there, as here, that the facts on which the expert based any conclusions were in the possession of the adverse party. Again in that case the expert is a party to the suit.

Lewis et al. v. United Air Lines Transport Corporation, et al., D.C., 32 F.Supp. 21, 23; Boynton v. R. J. Reynolds Tobacco Company, D.C., 36 F.Supp. 593, 595, are authorities supporting the right of the Court, in its discretion, to grant this motion. The motion is granted.