## UNITED STATES v. FUNK et al.

No. 7688.

United States District Court
E. D. Kentucky.

July 11, 1949.

968

Claude P. Stephens, U. S. Atty., Lexington, Ky., George R. Gallagher, Sp. Asst. to the Atty. Gen., for plaintiff.

Henry T. Duncan, Lexington, Ky., Victor Bradley, Sr., Victor Bradley, Jr., Georgetown, Ky., Leslie W. Morris, Marion Rider, Frankfort, Ky., Robert F. Houlihan, Lexington, Ky., for defendants.

FORD, Chief Judge.

The first question presented for decision relates to the admissibility of testimony of Mr. Philip Ardery by which the Government seeks to have him divulge a conversation with the defendant E. F. Prichard, Jr., which took place on the evening of November 7, 1948, at the home of Mr. Ardery in Frankfort, Ky.

At a preliminary hearing before the Court, out of the presence of the jury, it was shown that the conversation in question concerned subject matter in respect to which the defendant sought and received legal advice from Mr. Ardery, a regular practicing attorney, under circumstances which show that the relationship of attorney and client subsisted between them.

 That all such confidential communications between an attorney and his client are privileged from disclosure has

been upheld by the Courts from a very early period in the history of the law as a rule of necessity in the administration of justice. Blackburn v. Crawfords, 70 U.S. 175, 192, 18 L.Ed. 186. The mere fact that no compensation is paid or that the attorney thereafter declined the tender of employment does not remove the seal of secrecy. Alexander v. United States, 138 U.S. 353, 358, 11 S.Ct. 350, 34 L.Ed. 954.

The claim of privilege in respect to conversations or communications, which took place only between them under the circumstances disclosed at the preliminary hearing, should be and is sustained.

Under the same rule the defendant Prichard seeks to preclude testimony of Mr. Philip Ardery and his father, Circuit Judge William B. Ardery, the duly elected and qualified Judge of the 14th Judicial District of Kentucky, in respect to a conversation between Mr. Prichard and Judge Ardery which took place at the home of Judge Ardery on the night preceding the convening of the regular term of the Bourbon Circuit Court over which Judge Ardery was to preside and at which a Grand Jury was expected to investigate the alleged election frauds which are the subject of the present trial.

 The weight of authority seems to be that in order to exclude testimony as to communications under the rule relied upon the communications must have their root in the relation or contemplated relation of client and attorney and this fact must be manifest.

 Since the rule of secrecy and privilege, to which I have referred, by reason of its tendency to suppress the truth, is in contravention of the general rules of law, it should not be extended beyond the purpose it is designed to serve in the administration of justice. That purpose is to preserve inviolate the confidence which is essential between an attorney and his client.

Section 30.120 of the Kentucky Revised Statutes forbids all Circuit Judges from practicing law in any Court of the State except in cases in which they were employed previous to election to the office or in which they are personally interested.

This statute is obviously designed to safeguard the integrity of the Courts.

The defendant Prichard was an active member of the bar of the Court over which Judge Ardery presided. He sought legal advice from Judge Ardery but he does not claim that it was his purpose to create or establish the relation of attorney and client between them. It is quite clear that no such relationship existed or was contemplated by either of them. At the preliminary hearing Mr. Prichard testified: "I felt that Judge Ardery would be disqualified in the event of any subsequent trial because of his having given me legal advice"; and Judge Ardery testified: "I thought I could give it to him, and if anything transpired later, I would not sit in the case."

I am of the opinion that one who seeks the advice of the Judge of the Court in which his case is to be tried, when it is apparent to him the giving of such advice by the Judge would disqualify him from sitting in the case, is not entitled to the privilege accorded by the law to confidential communications between an attorney and his client. To allow the privilege under such circumstances would invite frustration of the administration of the Courts by their duly elected and qualified Judges. Such application would seem inimical to the public interest and a perversion of the purpose and spirit of the rule.

There is another rule under which certain officers may be permitted to withhold their testimony as to the identity of a secret informer and as to communications received, in confidence, from such source, when a breach of such confidence by the officer would destroy a relationship between the officer and his informer which, in the public interest, should be fostered.

The application of this rule to enable a Judge of a Court, at his option, to withhold his testimony is discussed in Section 2376 of the 3rd Edition of Wigmore on Evidence.

In Section 2285 of the same eminent authority the fundamental conditions "necessary to the establishment of a privilege against the disclosure of communications between persons standing in a given relation" are

"(1) The communications must originate in a confidence that they will not be disclosed:

"(2) This element of confidentiality must be essential to the full and satisfactory maintenance of the relation between the parties;

"(3) The relation must be one which in the opinion of the community ought to be sedulously fostered; and

"(4) The injury that would inure to the relation by the disclosure of the communications must be greater than the benefit thereby gained for the correct disposal of litigation.

"These four conditions being present, a privilege should be recognized; and not otherwise."

The conditions essential to the establishment of the privilege are not shown to be present here.

I am of the opinion that under the facts and circumstances disclosed at the preliminary hearing, the conversation between Judge Ardery and the defendant E. F. Prichard, Jr., is not privileged from disclosure and the objection to the testimony of Judge Ardery and Mr. Philip Ardery in reference thereto should be and is overruled.