**CANNON v. AETNA FREIGHT LINES,**
Inc., et al.
Civ. No. 25728.

United States District Court
N. D. Ohio, E. D.
Nov. 21, 1950.

1. Act of April 18, 1949, P.L. 512, art. XI, Secs. 1101 et seq., 20 P.S. § 320.1101 et seq.

J. Martin Sindell, Cleveland, Ohio, for plaintiff.

Donald M. Marshman, Cleveland Ohio, Russell J. Burt, Canton, Ohio, for defendants.

JONES, Chief Judge.

This is a personal injury action wherein plaintiff seeks production of statements made by himself and other witnesses to defendant or its agents.

There is no claim that the statements are the work product of the defendants' attorney.

The main objection of defendants is directed to the production of statements made by the plaintiff. It is alleged that good cause is not shown.

There appear to be two distinct lines of authority on what constitutes good cause for production of statements made by witnesses, including the plaintiff.

Moore in 4 Moore's Federal Practice 34.08 indicates that the more liberal view is preferable, and if the witnesses' statements were taken by defendant shortly after the accident, and plaintiff was not in a position to do so, good cause has been shown. However, in this action, even if this court follows the more liberal view, and I think it should, good cause has not been shown. Plaintiff has merely asserted that the documents will lead to the discovery of relevant evidence. If the objection were to interrogatories this claim might be sufficient, but under Rule 34, Fed. Rules Civ.Proc. 28 U.S.C.A., some fact must be shown which will make the production necessary. If, and the following list is not exhaustive, plaintiff can show that the statements he wishes produced will have some value as impeachment or corroborating material, or that the witnesses whose statements have been taken by defendants are unavailable or refuse to give statements, good cause will have been shown. At this time it has not been, and the first, second, third and fifth requests for production will be denied.

The request for production of statements of plaintiff and his passenger, plaintiff in another action arising out of the same accident, will be granted. Requests for this type of statement have been allowed by this court without reference to the good cause requirement. Hayman v. Pullman Co., D.C., 8 F.R.D. 238, which, for this type of production, should be followed.