**UNITED STATES v. 50.34 ACRES OF LAND, MORE OR LESS, IN VILLAGE OF EAST HILLS, NASSAU COUNTY, NEW YORK.**

**No. 83.**

United States District Court
E. D. New York.
April 18, 1952.

See also, D.C., 12 F.R.D. 440.

**20**

Harry T. Dolan, Sp. Asst. to Atty. Gen., for petitioner-plaintiff.

Herman Goldman, New York City, for John William Mackay.

G. Burchard Smith, County Atty. Nassau County, Mineola, for Nassau County.

GALSTON, District Judge.

This is a motion pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order requiring the petitioner-plaintiff, United States of America, to produce and permit the inspection and copying or photographing of two appraisal reports prepared for the petitioner-plaintiff by Charles E. L. Clark and by Martin L. Browne respectively.

This condemnation action was instituted on or about November 14, 1951 by the United States of America for the purpose of acquiring in fee simple 50.34 acres of land, more or less, of unimproved land lying in the Village of East Hills, County of Nassau, State of New York, and owned by John William Mackay, defendant.

Charles E. L. Clark and Martin L. Browne, appraisal experts with offices in Nassau County, were commissioned on behalf of the Government to appraise the land in question to determine the value thereof and to appraise the damage to contiguous property, also owned by Mackay, by reason of the proposed severance of the 50.34 acres from the larger tract. Clark and Browne rendered separate reports to the Real Estate Division, Corps of Engineers, United States Army, Office of the District Engineer, New York District, on behalf of the Petitioner-Plaintiff, on or about May, 1951.

Rule 34 provides, in material part, as follows:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *."

Admittedly, in order for a party to obtain the benefits of Rule 34, he must show "good cause therefor". Furthermore, the only restrictions placed upon the matters which it is permissible to examine are that they (1) not be privileged and (2) are relevant to the subject matter involved in the pending action.

The affidavit of John William Mackay, submitted in support of this motion, states that Clark and Browne "have the reputation of being and are, by reason of ability, experience and integrity, among the foremost if not the foremost appraisers of real property situate in the County of Nassau, * * *". The affidavit also states, upon information and belief, that the petitioner-plaintiff does not intend to call either Clark or Browne as witnesses or to introduce their reports in evidence on the trial, "for the reason that said reports are not favorable to the position of the Petitioner-Plaintiff". It is further stated therein that Clark and Browne have, because of their having made the reports, declined to conduct any appraisal of the land in question on behalf of the defendant, Mackay. Finally, the defendant, Mackay, indicates his willingness to pay such part of the fees paid to Clark and Browne by the petitioner-plaintiff as appears just and proper to the Court.

■ It may well be, as the opposing affidavit of Harry T. Dolan contends, that there are other appraisers, comparable in ability and experience, now available to the defendant. However, the fact that the appraisals and reports thereon were made several months prior to the institution of the condemnation action, is entitled to consideration here. It is apparent that the parties were engaged in negotiations for the sale and purchase of the land involved

in May, 1951. The opposing affidavit states that these appraisals were obtained prior to, "but in anticipation of the possibility and probability" of a condemnation proceeding. Presumably, the parties were acting in good faith in their attempt to negotiate a settlement and thus avoid the need of resorting to condemnation. Consequently the appraisal reports would be material on the question of what constituted just compensation in the negotiation stage.

■ There can be no question as to the relevancy of the documents, as they bear directly on the question of just compensation for the land involved in the condemnation action. Admissibility in evidence is not a prerequisite to the right to discovery and inspection under the Federal Rules of Civil Procedure. Rule 26(b) provides:

"It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

■ Documents may be reached under the discovery rules where they might give clues as to the existence or location of relevant facts; or where they might be useful for purposes of impeachment or corroboration. Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451; Engl v. Ætna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469. See also 1946 Report of the Advisory Committee on Rules to subdivision (b) of Rule 26.

■ The petitioner-plaintiff argues that "it is not necessary, in order for the defendant to prepare for trial, to have the advance benefit and knowledge of all of the evidence which the government may rely upon in its contention as to market value of the real property condemned". Mr. Justice Murphy, in Hickman v. Taylor, supra, stated the purposes of the deposition-discovery rules to be as follows:

"The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. * * * Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial." 329 U.S. at pages 500–501, 67 S.Ct. at page 388.

Again, 329 U.S. at page 507, 67 S.Ct. at page 392, the Court stated:

"We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise."

■ It is shown that the appraisal reports in question were obtained by the Government for the express purpose of determining the compensation which would have to be paid for purchase of the property in question; that these reports are in the possession and control of the Government; and that neither the reports nor the authors thereof are otherwise available to the moving party. There is nothing to indicate that these reports can be regarded as privileged matter. In view of the foregoing, therefore, the motion is granted.

As noted, the moving party is willing to pay part of the fees paid to Clark and Browne. The fees paid, according to the opposing affidavit, amounted to $3,200. If the parties can agree by stipulation as to the division, let that be done. Otherwise I shall set the amount to be paid by the defendant in the order. Settle order.