Edward D. MATTSON, E. Duran Mattson as Trustee of the John Mattson Trust, Elizabeth Mattson Berry, Emma Morgan, Anna Elisabet Sundell, Syster Maria Ohman, Gottfrid Emanuel Sundell, Berta Eleanor Marks, Inga Lill Sonja, Kristina Ekholm, Olaf Arvid Sundell, Hilda Sofia Sundell, Elsa Regina Karlsson, Jennie Marie Lind, Inez Maj Valborg Hedin, Inga Britt Viktoria Lind, and Sven Ake Lind, Plaintiffs,

v.

CUYUNA ORE COMPANY, an Ohio Corporation, Defendant.

No. 5–59 Civil 32.

United States District Court
D. Minnesota,
Fifth Division.

Nov. 24, 1959.

See also, D.C., 24 F.R.D. 363.

Nolan & Alderman, M. Eleanor Nolan, Brainerd, Minn., for plaintiffs.

Nye, Montague, Sullivan & McMillan, Edward T. Fride, Duluth, Minn., for defendant.

DONOVAN, District Judge.

Defendant seeks by motion to compel answers to certain interrogatories propounded at the deposition which depo-

nents refused to answer, upon advice of plaintiffs' counsel. Depositions of plaintiff Marilyn Elizabeth Mattson Berry and her husband, William W. Berry, were taken by defendant on October 23, 1959. The parties stipulated to submit the motion on written memoranda.

■■ Both deponents refused to answer questions concerning the employment of two engineers by the plaintiffs and reports rendered by said engineers on the ground of privilege. Plaintiffs' counsel contends such information is privileged and amounts to an "effort * * * to obtain information from the client (plaintiff) employer as to communications with the professional engineers employed by them for advice as to how to proceed with their dealings with defendant." Both sides agree that the burden of establishing the privilege rests upon plaintiffs herein.[1] The Court is of the opinion that the burden has not been sustained.

No engineer-employer privilege has been shown to exist. There are not here present the four fundamental conditions set out by Wigmore as a necessary basis of a privilege of nondisclosure of communications between persons standing in a confidential relationship.[2]

The cases [3] relied upon by plaintiffs do not create a privilege of any sort that is availing under the facts of the instant case. One of the engineers, the deposition indicates, has been employed by the fee owners for more than seventeen years. The other's status or relation to the deponents or their attorney is not made clear. This is not an instance where nondisclosure is accorded as an adjunct to the attorney-client privilege.[4] No connection appears herein between the information sought and the attorney-client privilege, or the attorney's "work product."

■ It appears that the defendant has remained within the legitimate boundaries circumscribing the use of discovery. The deposition-discovery rules are to be accorded a broad and liberal treatment. The objection that the interrogation is but a "fishing expedition" no longer serves to preclude a party from inquiring into facts underlying an opponent's case.[5]

No privilege having been established in the instant case, the motion compelling answers of the questions propounded deponents is hereby granted.[6]

1. State v. Anderson, 247 Minn. 469, 78 N.W.2d 320.

2. "(1) The communications must originate in a *confidence* that they will not be disclosed;
   "(2) This element of *confidentiality must be essential* to the full and satisfactory maintenance of the relation between the parties;
   "(3) The *relation* must be one which in the opinion of the community ought to be sedulously *fostered;* and
   "(4) The *injury* that would inure to the relation by the disclosure of the communications must be *greater than the benefit* thereby gained for the correct disposal of litigation."
   8 Wigmore, Evidence, § 2285 (3rd ed. 1940).
   See Baskerville v. Baskerville, 246 Minn. 496, 75 N.W.2d 762.

3. State v. Anderson, supra; Leding v. United States Rubber Co., D.C.Mont., 23 F.R.D. 220.

4. The circumstances where such privilege is extended to an employee of the client are explained in Schmitt v. Emery, 211 Minn. 547, 2 N.W.2d 413, 416, 139 A.L.R. 1242, as follows:
   "* * * there is a distinction, often difficult to make in practice, between documents prepared as records by an employee pursuant to the employer's direction in the regular course of business and those prepared under the direction and advice of the attorney as a communication for use in connection with his rendition of professional service. The one is a business record without privilege of any sort; the other a communication between attorney and client."
   See also Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451.

5. Hickman v. Taylor, supra, 329 U.S. at page 507, 67 S.Ct. at page 392.

6. While the point is not mentioned, the Court directs plaintiffs' attention to the jurisdictional requirements of 28 U.S. C.A., §. 1332 (1958 Supp.) as amended

Defendant's request for attorneys' fees is denied.

It is so ordered.

Exceptions are allowed.

July 25, 1958, by Public Law 85–554, § 2, 72 Stat. 415, and the effect of the amendment upon jurisdictional amount and corporate citizenship.