Malcom MAGINNIS, Individually and As Administrator of the Estate of Duncan Maginnis, a Minor

v.

WESTINGHOUSE ELECTRIC CORPORATION, Liberty Mutual Insurance Company and Vigilant Insurance Company.

Civ. A. No. 11335.

United States District Court
E. D. Louisiana.
July 27, 1962.

Edwin N. Benjamin, Jr., Phillip A. Wittmann, Stone, Pigman & Benjamin, New Orleans, La., for plaintiff.

John V. Baus, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendants Westinghouse Elec. Corp. and Liberty Mut. Ins. Co.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for Vigilant Ins. Co.

FRANK B. ELLIS, District Judge.

On July 31, 1960, the Plaintiff's son was injured on an escalator descending from the main lobby to the baggage area of the New Orleans International Airport (Moisant Field). On February 14, 1961, a Mr. Robert Lind of the Liberty Mutual Insurance Company, insurer of Westinghouse Electric Company, manufacturer, installer and maintainer of the escalator, ordered Fromherz Engineers to make an inspection report on the physical installation and the present mechanical and electrical operating condition of the escalator.

On February 16, 1961, Mr. George L. McMurtray of Fromherz met Mr. Lind at Moisant Field. Mr. Lind was accompanied by two representatives of Westinghouse, Messrs. Harley Boudreaux and W. J. Bates. A thorough inspection was made that day and on February 22, 1961, Messrs. McMurtray and Bates returned to remeasure the machine clearances and recheck safety devices on the escalator.

Suit was filed on July 26, 1961. Plaintiff then propounded interrogatories to the defendant, Number 18 of which sought information about reports and inspections made on the escalator. Defendant's answer was to the effect that Fromherz Engineers were engaged and began their work on August 10, 1960 and completed the inspection on October 24, 1960.

Plaintiff then filed a motion for the production of the report prepared "during the period of August 10, 1960 to October 24, 1960." After argument on the motion the defendant presented the court with a report for *in camera* inspection from the Fromherz Engineers dated May 16, 1961. This report states that it was prepared in February of 1961. Perchance there are, not one, but two reports on the escalator.

Defendant opposes the production of the report on the grounds that it is the report of an expert and not subject to discovery, that it is violative of the attorney-client privilege; that it is unconscionable to allow the adverse party to profit at defendant's expense; that the conclusions in the report are not discoverable and that good cause has not been shown for the production of the report.

We shall first deal with the defendants contention that the reports of experts are not subject to discovery and that the conclusions are not discoverable.

In the area of expert witnesses the numerical weight of district court cases supports the proposition that experts are immune from discovery[1] although there

1. Lewis v. United Air Lines Transport, W.D.Pa.1940, 32 F.Supp. 21, engineering consultant's report on barrel of aircraft cylinder; Boynton v. R. J. Reynolds Tobacco Co., D.Mass.1941, 36 F.Supp. 593, physician; United States v. 88 Cases, etc., D.N.J.1946, 5 F.R.D. 503 chemists analysis of orange beverage; United States v. 720 Bottles, etc., E.D. N.Y.1944, 3 F.R.D. 466, chemists analysis of vanilla extract; Moran v. Pittsburgh-Des Moines Steel Co., W.D.Pa.

is a substantial number of district court cases to the contrary which hold that an expert's deposition may be taken and that a copy of his report is subject to discovery.[2] The only Court of Appeals case says that an expert is subject to the discovery process.[3]

The classic illustration is that of the Cold Metal Process Company v. Aluminum Company of America cases. One was filed in Massachusetts[4] and the other in Ohio[5]. The expert in the Massachusetts case was Dr. Martin Buerger of M. I. T., a colleague of the expert in the Ohio case, Dr. George Sachs of Case Institute of Technology, Cleveland, Ohio. (It may be well to mention that Dr. Buerger was called away into government service and Dr. Sachs continued his investigation.)

The opposing parties attempted to take the deposition of both experts. Dr. Buerger's plea of privilege was upheld in Mas-sachusetts. Dr. Sachs' plea of privilege was rejected in Ohio. His further refusal to answer resulted in his being held in contempt. The Sixth Circuit affirmed.[6]

Defendant directs the court's attention to a number of cases which seem to sustain the proposition that experts are not subject to discovery, the first of which is Lewis v. United Air Lines Transport Corporation, supra. The Lewis case is by far the strongest case in the defendant's arsenal, however, there are cases arising out of the other districts which, in this court's opinion, reasonably modifies the Lewis rule to further the ends of justice.

In the Lewis case the court held that an expert need not divulge opinion from the results of tests conducted on the cylinder of an airplane engine. Defendant cited four other cases in support of this proposition[7], however they are not all in point.

1947, 6 F.R.D. 594, civil engineer's design on cylindrical liquified gas tank, no expert involved, but in *dicta* held that experts may not be deposed; Cold Metal Process Co. v. Aluminum Company of America, D.Mass.1947, 7 F.R.D. 684, metallurgist; Roberson v. Graham Corporation, D. Mass.1952, 14 F.R.D. 83, experts on antiques; United States v. Certain Acres of Land, etc., M.D.Ga.1955, 18 F.R.D. 98, expert land appraisers; Colonial Airlines Inc. v. Janas, S.D.N.Y.1952, 13 F.R.D. 199, public accountants; United States v. 7,534.04 Acres of Land, etc., N.D. Ga.1954, 18 F.R.D. 146, expert land appraisers.

2. Bergstrom Paper Company v. Continental Insurance Co. of City of New York, E.D.Wis.1947, 7 F.R.D. 548, engineers report on situs of explosion; Cold Metal Process Company v. Aluminum Company of America, N.D.Ohio 1947, 7 F.R.D. 425, metallurgist report; Sachs v. Aluminum Company of America, 6 Cir., 167 F.2d 570, metallurgist; Broadway & Ninety-Sixth St. Realty Company v. Loew's Inc., S.D.N.Y.1958, 21 F.R.D. 347 expert in field of motion picture exhibition; United States v. 50.34 Acres of Land, etc., E.D.N.Y.1952, 13 F.R.D. 19, reports of expert land appraisers; United States v. Certain Parcels of Land, S.D.C.A.1 1953, 15 F.R.D. 224, reports of expert land appraisers; Walsh v. Reynolds Metals Company, D.N.J.1954, 15 F.R.D. 376, heating experts report; Russo v. Merck & Co., D.R.I.1957, 21 F.R.D. 237, experts on production of blood plasma; Colden v. R. J. Schofield Motors, N.D.Ohio 1952, 14 F.R.D. 521, automotive experts report.

3. Sachs v. Aluminum Company of America, supra.

4. 7 F.R.D. 684.

5. 7 F.R.D. 425.

6. Sachs v. Aluminum Company of America, supra, " * * * Dr. Sachs is not an attorney but is an expert in X-ray metallography, who was engaged by counsel for Cold Metal Process Company to make certain tests and X-ray photographs of samples of metal furnished him. His services were procured in preparation for the trial of a patent case. The information obtained by Dr. Sachs is not deemed to fall within the attorney-client privilege protecting the 'work product of lawyer.' This information appears to be essential to a vital issue in the case and is evidentiary in character." 167 F.2d 570.

7. Dipson Theaters, Inc. v. Buffalo Theaters, Inc., W.D.N.Y.1948, 8 F.R.D. 313, wherein both plaintiff and defendant employed accountants to pour over the plaintiff's books. Plaintiff sought by motion under Rule 26, 28 U.S.C.A. to take the deposition of defendant's accountant.

■ Mutual knowledge of all the relevant *facts* gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever *facts* he has in his possession.[8]

■ The court is of the opinion that Walsh v. Reynolds Metals Company, supra, provides a rule that will do justice as between these parties. That controversy arose as the result of an explosion of a propane gas stove. A week after the explosion the defendant's attorney ordered the equipment examined by an expert. The stove was dismantled and an examination made forthwith by the expert and several plumbers. Plaintiff sought to photocopy the report under Rule 34. The court ordered the factual content of the report discovered and excepted the conclusions.[9]

■ Defendants next contention is that it would be unconscionable to allow the plaintiff to profit at the defendant's expense. The Walsh case is also determinative of this aspect, with reservations. The decision allowed the factual content discovered and ordered that the plaintiff was to have the conclusions and opinions only if he paid for them. This court agrees that the factual content should be subject to discovery. However, we disagree with our learned brother in his holding that the conclusions and opinions should be discovered upon payment therefor. The court is of the opinion that opinions and conclusions of experts are not a proper subject of discovery, at least under these circumstances.

■ Defendant also alleges that the report is not discoverable because it is violative of the attorney-client privilege and directs the courts attention to the Lewis case, supra, and Schuyler v. United Airlines, Inc., M.D.Pa.1950, 94 F.Supp. 472. As will be seen below the Lewis case is not controlling as this is not a situation for the exertion of the attorney-client privilege. Schuyler is a "best evidence" controversy and not at all in point.

■ The court does not believe this report is privileged as asserted by de-

Motion denied, the information sought was in the possession of the moving party. Weitort v. A. H. Bull & Co.; E.D.Pa.1961, 192 F.Supp. 165, wherein plaintiff stevedore wanted the third-party defendant severed from the main action, or, alternatively for an order precluding the third-party defendant from participating in the trial of the principal action. The reference to experts is in footnote four on page 168, "Expert witnesses may not be the subject of discovery and, if plaintiff wished to know more specifically the contentions of third-party defendant, he could have moved for a more specific pre-trial memorandum as his counsel has done on other occasions." E. I. Du Pont De Nemours & Co. v. Phillips Petroleum Company, D.Del.1959, 23 F.R.D. 237, patent infringement litigation wherein the defendant patented its product known as "Marlex". Upon advice of counsel plaintiff's experts conducted a series of tests on Marlex. All reports were sent directly to counsel marked "For Information of Counsel." Defendant sought to discover the reports under Rule 34. The court denied the motion because good cause was not revealed by the defendants. The court further held that it may be difficult for the defendants to make a showing of good cause for the reason that what was being sought were results of tests upon their (defendants) own product which, presumably, they could make just as easily as the plaintiff. Carpenter-Trant Drilling Company v. Magnolia Petroleum Corporation, D.Neb.1959, 23 F.R.D. 257, wherein reports were prepared by a petroleum engineer and a consultant geologist at the request of counsel. Defendants motion was denied, not on grounds of attorney-client privilege, but upon the grounds that the reports sought were the work product of an attorney.

8. Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451.

9. Also see: United States v. Certain Parcels of Land, Etc., S.D.Cal.1953, 15 F.R.D. 224, wherein the question before the court involved opinion evidence, i. e. reports of appraisers. It included two types of information: (1) Opinions of the appraisers and (2) statements as to the factual base upon which the opinions were predicated. The court allowed the defendants to freely inspect, copy or photograph all or portions of the factual content. The opinions were withheld.

fendant, notwithstanding the fact that the report is presently in its counsel's possession. The mere fact that the attorney has possession of the documents does not render it privileged.[10]

In Falsone v. United States, 5 Cir., 205 F.2d 734, Circuit Judge Rives stated that if "the documents are not privileged while in the hands of a party, he does not make them privileged by merely handing them to his counsel." [11]

■ Therefore we must determine whether or not this communication was privileged as between the defendant and Fromherz Engineers.

In United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727, Chief Justice Vinson tells us that the "term 'not privileged', as used in Rule 34, refers to 'privileges' as that term is understood in the law of evidence." [12]

In 8 Wigmore, Evidence, § 2285, (3rd ed. 1940) one finds that there are:

"* * * four fundamental conditions necessary to the establishment of a privilege against disclosure of communications:

"(1) The communication(s) must originate in a *confidence* that they will not be disclosed.

"(2) *This element of confidentiality must be essential* to the full and satisfactory maintenance of the relation between the parties.

"(3) The *relation* must be one which in the opinion of the community ought to be sedulously *fostered*.

"(4) The *injury* that would inure to the relation by the disclosure of the communications must be *greater than the benefit* thereby gained for the correct disposal of the litigation.

"Only if these four conditions are present should the privilege be recognized." [13]

The court is of the opinion that the four fundamental conditions are not present in the relationship of the defendant insurance company with the Fromherz Engineers, and consequently is definitely not "privileged" as understood in the law of evidence.

■ Defendant also alleges that there has not been a showing of good cause for the production of the report. No abstract rule of thumb has been devised for ready use in determining in every case whether good cause has been shown,[14] and the district court is vested with a wide, but reasonable discretion.[15]

The court is of the opinion that the document is discoverable and that good cause has been shown. A point not brought out by plaintiff is that the escalator in question is in use twenty-four hours per day by thousands of persons.

The report submitted was prepared six and a half months after the injury. During this time maintenance and routine inspection work had been done on the escalator weekly, as evidenced by defendant's answers to plaintiff's interrogatories. The escalator was subjected to

10. Humphries v. Pennsylvania Railroad Company, N.D.Ohio 1953, 14 F.R.D. 177.

11. 205 F.2d 734, 739. Also see Edison Electric Light Company v. United States Electric Lighting Company, 2 Cir., 44 F. 294.

12. 345 U.S. 1, 6, 73 S.Ct. 528, 531.

13. Cited with approval in Falsone v. United States, supra, See United States v. Funk, E.D.Ky.1949, 84 F.Supp. 967. Also see Mattson v. Cuyuna Ore Company, D.Minn.1959, 178 F.Supp. 653, wherein plaintiffs objected, on grounds of privilege, to questions propounded to two of its engineers on reports submitted by the engineers. Defendant sought by motion to compel answers. Motion granted.

14. Williams v. Continental Oil Company, 10 Cir., 215 F.2d 4, 6.

15. Mitchell v. Bass, 8 Cir., 252 F.2d 513. Several cases even go so far as to state that inequality of investigative opportunity is a showing for good cause, Scourtes v. Fred W. Albrecht Grocery Co., N.D.Ohio 1953, 15 F.R.D. 55, and Cannon v. Aetna Freight Lines, N.D.Ohio 1950, 11 F.R.D. 93.

about twenty-six maintenance and routine inspections between the date of the accident and the date of the report submitted to this court. We think the plaintiff should be entitled to the report.

IT IS ORDERED that the written report of Fromherz Engineers submitted to this court for *in camera* inspection be returned to the defendant and to be subsequently delivered to the plaintiff.

IT IS FURTHER ORDERED that the conclusions reached by the Fromherz Engineers on page nine (9) of the report may be removed by defendant and the balance of the report submitted to the plaintiff for inspection or copying.