See also 209 F.Supp. 128.

John J. HARKOBUSIC, Plaintiff,

v.

GENERAL AMERICAN TRANSPORTA-TION CORPORATION, Defendant.

Civ. No. 62–326.

United States District Court
W. D. Pennsylvania.

Oct. 16, 1962.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Kenneth G. Jackson, (of Thorp, Reed & Armstrong), Pittsburgh, Pa., for defendant.

MARSH, District Judge.

The defendant has filed a "Motion for Production of Documents", pursuant to Rule 34, Fed.R.Civ.P., 28 U.S.C., by which it seeks to obtain correspondence between plaintiff and his brother-in-law, and various attorneys. The plaintiff opposes the motion on the ground that the correspondence is within the attorney-client privilege,[1] and that it was written "looking to the preparation and presentation of the within case". Counsel for the parties agreed that these letters with their enclosures, contained in 15 exhibits, be submitted to the court for examination to facilitate our adjudication of this motion. We do not deem it necessary to call the plaintiff for oral examination, as suggested by defendant, in order to adjudicate this motion.

In our opinion the motion should be denied as to all the requested documents for the reasons that they are privileged and that the defendant has failed to show "good cause".[2] It is immaterial that the plaintiff does not timely raise the question of "good cause". Sacco v. Greyhound Corporation, 24 F.R.D. 257, 259 (W.D.Pa.1959).

The elements of the attorney-client privilege are set forth in 8 Wigmore, Evidence § 2292 (McNaughton rev. 1961):

"(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived."

---

1. Rule 34, Fed.R.Civ.P., provides in part as follows:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents * * * not privileged * * *."

2. Exhibit 10(a) is a copy of a letter sent by one of the prospective attorneys to defendant; Ex. 11(a) is a copy of the diagram of the "Schevenell Patent" No. 2,-654,284; and Exhibit 12(b) is a copy of a letter sent by defendant to Paul T. O'Neil. It does not appear that either the original or a copy of each of these documents is unavailable to defendant; hence, "good cause" for their production has not been shown.

■ The letters from plaintiff and his brother-in-law disclose that the plaintiff was seeking legal advice from these attorneys and that the communications were related to that purpose and were made in confidence.[3] It does not appear that any of these attorneys accepted the case or received any compensation. Nevertheless, it has been held that the privilege attaches to communications between the client and his attorney even though "no compensation is paid or that the attorney thereafter declined the tender of employment"; United States v. Funk, 84 F.Supp. 967, 968 (E.D.Ky.1949); Alexander v. United States, 138 U.S. 353, 358, 11 S.Ct. 350, 34 L.Ed. 954 (1891); McCormick, Evidence p. 184; 8 Wigmore, Evidence § 2304 (McNaughton rev. 1961). The responsive letters from the prospective attorneys to the plaintiff's inquiries are likewise within the privilege. Georgia Pacific Plywood Co. v. U. S. Ply Corp., 18 F.R.D. 463, 464 (S.D.N.Y. 1956), rev'd on other grounds, 258 F.2d 124 (2d Cir. 1958), cert. denied 358 U.S. 884, 79 S.Ct. 124, 3 L.Ed.2d 112 (1958); 8 Wigmore, Evidence § 2320 (McNaughton rev. 1961).

Furthermore, it appears from the letters that plaintiff's brother-in-law was acting as plaintiff's agent in communicating with various attorneys, and, therefore, the letters between him and the attorneys are also within the privilege. 8 Wigmore, Evidence § 2317 (McNaughton rev. 1961); 139 A.L.R. 1250.

■ Defendant insists that plaintiff has waived his privilege as to some of the documents by making, and allowing his attorney to make, certain "assertions of fact" based on the documents, and by revealing part of their substance during the taking of the plaintiff's deposition. We have reviewed these alleged waivers made by plaintiff and his attorney and find the statements made by them to be so general, so insignificant, or so remotely connected with the legal advice given concerning the plaintiff's rights, that they cannot be deemed to constitute a waiver of the privilege.

■ Overriding the question of privilege is the question of whether or not the defendant here has shown "good cause" as required by Rule 34, Fed.R.Civ. P. Hickman v. Taylor, 329 U.S. 495, 512, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Alltmont v. United States, 177 F.2d 971, 975 (3d Cir. 1950); Sacco v. Greyhound Corporation, supra. Generally speaking, showing "good cause" means that the movant must satisfy the court that the production of the requested document is necessary to enable him to prepare his case, or will facilitate proof or progress at the trial. United States v. Five Cases, etc., 9 F.R.D. 81 (D.C.Conn.1949), aff'd 179 F.2d 519 (2d Cir. 1950); Gordon v. Pennsylvania R. Co., 5 F.R.D. 510 (D.C. Pa.1946); see also, Moore's Federal Practice, 2d ed., vol. 4, ¶ 34.08, pp. 2450–2451.

■ In the affidavit in support of the motion, counsel for defendant states that the plaintiff's allegations raise the issues of whether or not the plaintiff's alleged invention "is covered by the concept of

---

**3.** Attached to defendant's "Reply Brief" are six letters (Exs. A through F), which defendant asserts it received from these prospective attorneys in response to inquiries concerning the nature of the relationship which existed between the plaintiff and them at the time of the correspondence involved in this motion. In addition to the fact that these letters cannot be considered as evidence bearing on the motion sub judice since they were not included in an affidavit, it appears that all the responses, with the exception of Exhibit A, indicate that the attorneys believe that the attorney-client privilege existed at that time between them and plaintiff. The writer of Exhibit A implies that he believes that unless a lawyer is specifically retained, or a "statement of charges" is made, that the attorney-client privilege does not apply to their communications. We think this is erroneous. See: United States v. Funk, 84 F.Supp. 967, 968 (E.D.Ky. 1949).

'prior art'", and whether or not the "plaintiff's 'invention' had already been introduced into the public domain." He states further that the information and facts contained in this correspondence "would throw light" on these issues and are for this reason "highly material and relevant". But as was said in Guilford National Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921, 925 (4th Cir. 1962), "a demonstration that the desired materials are relevant to the subject matter of the litigation does not by itself satisfy the good cause requirement of Rule 34". See: Alltmont v. United States, supra at p. 977 of 177 F.2d.

As the affidavit contains not even a bare averment that the documents are necessary for defendant to prepare its case or that obtaining them will in any way facilitate proof or progress at the trial, we believe that defendant has not shown "good cause" for obtaining them.

An appropriate order will be entered.