**Samuel J. LEVINE, Administrator of the Estate of Frances E. Gardner, Deceased**

v.

**ST. LUKE'S HOSPITAL, Frank S. Flor, M.D., Joyce L. Kohler, R.N., John J. Ryan, M.D., Karl Hahn, M.D., Gordon Arnold, M.D.**

Civ. A. No. 68–1970.

United States District Court
E. D. Pennsylvania.

March 4, 1969.

Beasley, Albert, Hewson & Casey, Philadelphia, Pa., for plaintiff.

Pepper, Hamilton & Scheetz, Lowell A. Reed, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

WEINER, District Judge.

Pursuant to F.R.Civ.P. 34, the defendants have filed a Motion For Production of all notes, memoranda, records of the findings as well as all microscopic slides, photographs, organs, tissues and reports of analysis thereof from the autopsies of the plaintiff's decedents conducted by an expert retained by the plaintiff for the purpose of ascertaining the cause of death.

Plaintiff, in resisting this motion, contends that the defendants are not entitled to Discovery relying upon

the principle that as the autopsy report was the work product of counsel it falls within the "work product" rule of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Assuming, arguendo, that the material in question constitutes the work product of counsel, it would still be subject to discovery upon a showing of good cause for its production. Redfern v. American President Lines, Ltd., 228 F.Supp. 227, 231 (N.D.Cal.1963); Hogan v. Zletz, 43 F. R.D. 308 (N.D.Okl.1967). Good cause of necessity must vary with the circumstances of the case and consequently is not susceptible to a hard and fast rule. Burke v. United States, 32 F.R.D. 213, 214 (E.D.N.Y.1963). Recognizing that the autopsy has effectively removed information concerning the cause of death and, further, that the cause of death is clearly relevant to the preparation of defendant's case, we conclude that good cause for the discovery and production of the material sought has been established.

■ We also point out that the report of an expert is not privileged and is subject to discovery. Redfern v. American President Lines, Ltd., (supra); Maginnis v. Westinghouse Electric Corp., 207 F.Supp. 739 (E.D.La.1962). For the foregoing reasons we will grant the defendants' motion.

In conjunction with their motion for production the defendants, pursuant to F.R.Civ.P. 30(b) have moved for a protective order requesting that no depositions of movants or other discovery of same be taken by plaintiff until thirty (30) days after the autopsy data is delivered. In light of our previous conclusion we will also grant this motion, however, we will direct that depositions or other discovery may be undertaken five (5) days after the receipt of the autopsy data.

## ORDER

It is hereby ORDERED that within ten (10) days hereof, plaintiff shall cause to be delivered to the offices of Rawle & Henderson, 1900 Packard Building, Philadelphia, Pennsylvania, for the purpose of examination, inspection and copying by movants or their designees and retention for a reasonable period of time therefor, all notes, memoranda, records of the findings as well as all microscopic slides, photographs, organs, tissues and reports of analysis thereof from the autopsies of Frances E. Gardner and Baby Boy Gardner, decedents, conducted by Joseph W. Spelman, M.D., or any of his assistants or consultants.

It is further ORDERED that in default thereof, counsel for movants is hereby authorized to cause to be issued such subpoenas duces tecum as required for service upon Dr. Joseph W. Spelman or other custodians of any or all of such aforementioned documents and things to produce said documents and things within ten (10) days in the offices of Rawle & Henderson, 1900 Packard Building, Philadelphia, Pennsylvania, for the purpose of authentication, inspection, copying and retention for a reasonable period of time therefor, by movants or their designees.

It is finally ORDERED that no depositions or discovery shall be taken or directed toward St. Luke's Hospital, Nurse Kohler or Doctors Ryan and Arnold until five (5) days after the delivery of all autopsy data concerning decedent herein and Baby Boy Gardner to the office of counsel for movants.

It is so ordered.