Mary **KIENTZY**, Plaintiff,

v.

**McDONNELL DOUGLAS CORPORATION,** Defendant.

No. 90–584 C(1).

United States District Court, E.D. Missouri, E.D.

Jan. 30, 1991.

Jerome Dobson, Levin & Weinhaus, St. Louis, Mo., for plaintiff.

Sabrina Wrenn and Dennis Donnelly, Bryan, Cave, McPheeters and McRoberts, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER

DAVID D. NOCE, United States Magistrate Judge.

This action is before the Court upon the motion of Therese Clemente for an order, under Federal Rule of Civil Procedure 26(c)(1), protecting from pretrial discovery, by both plaintiff and defendant, the communications she received in her position as a company ombudsman of defendant McDonnell Douglas Corporation ("MDC"). MDC argues in support of Clemente's position. Plaintiff argues that any such ombudsman privilege should not include the information sought. In ruling on this motion, the Court has considered the affidavits and exhibits submitted by movant Clemente and the arguments of counsel for her and the parties at a hearing held on January 29, 1991.

Plaintiff Mary Kientzy alleges in this action that MDC terminated her from employment as a security officer on account of her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Missouri Human Rights Act, § 213.055 R.S.Mo. (1986). The parties have consented to the referral of this action to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c)(3). The trial of the action is set for February 19, 1991.

Plaintiff has noticed Therese Clemente for deposition and would depose other company personnel about their statements to ombudsman Clemente. The record has established that Clemente is employed by defendant as a Senior Staff Assistant in the Ombudsman Program of defendant's subsidiary McDonnell Aircraft Company ("McAir"). Clemente has been employed in the McAir Ombudsman Office since the ombudsman program began in 1985. The purpose of the ombudsman program and office is to mediate, in a strictly confidential environment, disputes between MDC employees and between employees and management.[1]

Plaintiff Kientzy was terminated from employment in August, 1988, following the decision of a company disciplinary committee. After the disciplinary committee made its decision, plaintiff went to Ms. Clemente in her position as ombudsman; MDC nevertheless terminated her. Plaintiff argues that Ms. Clemente received information about plaintiff's situation from company employees, including a member of the disciplinary committee who has since died.

Plaintiff argues that the information received by Clemente is relevant to the trial of the action and is discoverable, on two grounds. First, she argues that the statements made to Clemente by defendant's personnel may evidence discriminatory animus in the decision to terminate her. Second, she argues that the ombudsman program is a company procedure for appealing her dismissal and that the ombudsman thus participated in the final decision to terminate her. For the reasons set forth below, the Court agrees with movant that the confidential communications made to her are protected from disclosure by Federal Rule of Evidence 501.

Rule 501 requires that this Court assay the ombudsman's claim of privilege by interpreting the principles of the common law "in light of reason and experience." Four cardinal factors have been discerned for this purpose:

(1) the communication must be one made in the belief that it will not be disclosed; (2) confidentiality must be essential to the maintenance of the relationship between the parties; (3) the relationship should be one that society considers worthy of being fostered; and (4) the injury to the relationship incurred by disclosure must be greater than the benefit gained in the correct disposal of litigation.

*In re Doe,* 711 F.2d 1187, 1193 (2nd Cir. 1983); *Mattson v. Cuyuna Ore Co.,* 178 F.Supp. 653, 654 n. 2 (D.Minn.1959). Each of these four factors is present in this case.

First, ombudsman Clemente received the subject communications in the belief that

---

**1.** The resolution of labor-management disputes under an applicable collective bargaining agreement is not within the authority of the ombuds-man. Employees and management may also resolve employment disputes in non-confidential discussion.

they would be kept confidential. The McAir ombudsman office is constituted as an independent and neutral entity. It has no authority to make company policy. Its head has the position of company vice-president, independent of the company's human resources and personnel offices. The office has direct access to the company president. Ombudsman Clemente is bound by the Code of Ethics of the Corporate Ombudsman Association, which provides for the confidentiality of communications. The office has adopted procedures to assure such confidentiality. The McAir Ombudsman Office has given its strict pledge of confidentiality to all employees and to the company. All new employees are so advised and defendant has repeatedly restated to its employees that they may rely on the confidentiality of the ombudsman's office. Since it opened in 1985, the McAir ombudsman's office has received approximately 4800 communications. Defendant has sought, but has been refused, access to the ombudsman's files and records regarding plaintiff. The company has indicated it will not request them in the future.

Second, confidentiality of communications is essential to relationships between the ombudsman's office and defendant's employees and defendant's management. The function of the McAir ombudsman's office is receive communications and to remedy workplace problems, in a strictly confidential atmosphere. Without this confidentiality, the office would be just one more non-confidential opportunity for employees to air disputes. The ombudsman's office provides an opportunity for complete disclosure, without the specter of retaliation, that does not exist in the other available, non-confidential grievance and complaint procedures.

Third, the relationship between the ombudsman office and defendant's employees and management is worthy of societal support. The Court takes judicial notice of the fact that MDC and McAir are very large federal government contractors in the aircraft, space, and other industries. It is important that their employees have an opportunity to make confidential statements and to receive confidential guidance, infor-

mation, and aid to remedy workplace problems to, benefit themselves and possibly the nation. This is true in spite of the possibility that such actions may be perceived by an employee to be against company or fellow employees' interests.

Fourth, the harm caused by a disruption of the confidential relationship between the ombudsman's office and others in plaintiff's case would be greater than the benefit to plaintiff by disclosure. A successful ombudsman program resolves many problems informally and more quickly than other more formal procedures, including court actions. A court order that Clemente disclose the information communicated to her in confidence, or that her informants disclose what they told her in confidence about plaintiff, would destroy the reputation and principle of confidentiality that the McAir ombudsman program and office now enjoys and needs to perform its function. The utility of that program and office, in resolving disputes in this workplace and thus diminishing the need for more formal resolution procedures, is founded on the confidentiality of its communications to and from company officials and employees. Federal Rule of Evidence 408 has recognized the utility of confidential settlement discussions. *Shabazz v. Scurr*, 662 F.Supp. 90, 92 (S.D.Iowa 1987). The societal benefit from this confidentiality is paramount to plaintiff's need for disclosure.

An ombudsman privilege under Federal Rule of Evidence 501 was recognized by a District Court in this Circuit in *Shabazz v. Scurr, supra.* In that action, which was brought under 42 U.S.C. § 1983 following the death of a state prisoner, a former prison ombudsman was prevented from testifying about confidential statements made to him when he held the position of ombudsman.

In *Monoranjan Roy v. United Technologies Corporation*, Civil Cause No. H–89–680 (JAC), on May 29, 1990, United States District Judge Jose A. Cabranes, in circumstances similar to the case at bar, recognized a privilege from discovery for the defendant's company ombudsman. In so ruling, Judge Cabranes emphasized that

the recognition of the privilege was intended only to apply to that case, thus implementing the Supreme Court's direction that the development of rules of privilege be on a case-by-case basis. *See, Roy, supra,* Transcript of May 29, 1990, proceedings, p. 24, *citing Trammel v. United States,* 445 U.S. 40, 47, 100 S.Ct. 906, 910, 63 L.Ed.2d 186 (1980) (Motion Exhibit E, filed January 16, 1991).

The Court is persuaded in the case at bar that plaintiff's need for relevant information can be satisfied, in spite of the privilege, by deposing all relevant fact witnesses, including the remaining members of the disciplinary committee, about the events leading to plaintiff's termination.[2] Indeed, the depositions of these persons are expected to occur soon. Plaintiff may not ask these witnesses to disclose their statements to the company ombudsman. Plaintiff may ask these witnesses about facts known by them, even though those facts were contained in their statements to the ombudsman. Because there has been no showing that ombudsman Clemente has non-confidential, relevant information about the events leading to plaintiff's termination, plaintiff may not depose her at all.

For the reasons set forth above,

IT IS HEREBY ORDERED that the motion of Theresa Clemente for a protective order is sustained.

---

**2.** Plaintiff's argument that the ombudsman's program was a usual and available company procedure for appealing the decision of the disciplinary committee to terminate her has not been factually supported. Plaintiff has not disputed that the ombudsman office has no authority to overturn, and has not ever successfully obtained the reversal of, any decision of a disciplinary committee.